IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CRYSTAL AMAYA, BRAD CATES,**
**BRIAN MOORE, and KIM RONQUILLO,**

    Plaintiffs,

v.                                                                                          No. 14-cv-0599 WJ/SMV

**SAM BREGMAN, MICHAEL CORWIN,**
**JAMIE ESTRADA, ANISSA GALASSINI-FORD,**
**JASON LOERA, and BRUCE WETHERBEE,**

    Defendants.[1]

## SCHEDULING ORDER

THIS MATTER is before the Court on a telephonic Rule 16 scheduling conference, held on July 13, 2015. The parties' Joint Status Report and Provisional Discovery Plan [Doc. 128] is adopted, except as modified below.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a "**Complex**" track classification.

Plaintiff(s) shall be allowed until **September 24, 2015**, to join additional parties and amend the pleadings (in compliance with the requirements of Fed. R. Civ. P. 15(a)). Defendant(s) shall be allowed until **October 7, 2015**, to join additional parties and amend the pleadings (in compliance with the requirements of Fed. R. Civ. P. 15(a)).

---

[1] On March 23, 2015, the Honorable William P. Johnson, United States District Judge, dismissed all claims against Defendant Anissa Galassini-Ford. [Doc. 98]. Accordingly, Galassini-Ford is no longer a party to this action. On April 14, 2015, the Clerk of Court entered default judgment against Defendant Jason Loera. [Doc. 110].

The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b).[2]  Plaintiff(s) shall identify to all parties in writing any expert witness to be used by Plaintiff(s) at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C)[3] no later than **November 11, 2015**.  All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C) no later than **December 14, 2015.**  Rebuttal experts disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) shall be disclosed within 30 days after the other party's disclosure.

If any Defendant anticipates filing a motion to disqualify Mr. Rogers as counsel for Plaintiffs, Defendant shall file the motion no later than **October 12, 2015**.  If no such motion is filed in that time, it shall be deemed waived.

The termination date for discovery is **March 9, 2016**, and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause.  This deadline shall be construed to require that discovery be completed on or before the above date.  Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline.  The Court will not limit

---

[2] *See also Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008).

[3] Summary disclosures are, under certain circumstances, required of treating physicians.  *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *Blodgett*, 2008 WL 1944011, at *5 ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").

the number of requests for admission served by each party at this time. The Court will limit depositions to 15 by Plaintiffs and 20 by Defendants. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery shall be filed with the Court and served on opposing parties by **March 29, 2016**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by **April 8, 2016**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiff(s) to Defendant(s) on or before **May 24, 2016**; Defendant(s) to Court on or before **June 7, 2016**.

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of

the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial.  Any exceptions thereto must be upon order of the Court for good cause shown.

    **IT IS SO ORDERED.**

    _____
    **STEPHAN M. VIDMAR**
    **United States Magistrate Judge**