IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

———————————

CRYSTAL AMAYA, BRAD CATES,
BRIAN MOORE, and KIM RONQUILLO,

        Plaintiffs,

v.                                                                                                                         No. CV 14-00599 WJ/SMV

SAM BREGMAN, MICHAEL CORWIN,
JAMIE ESTRADA, JASON LOERA,
and BRUCE WETHERBEE,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO DENY OR DEFER SUMMARY JUDGMENT
AND DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

        THIS MATTER comes before the Court upon the Motion Pursuant to Fed. R. Civ. P. 56(d) to Deny or Defer Defendant Sam Bregman's Motion for Summary Judgment, **(Doc. 127)**, filed on June 16, 2015, by Plaintiffs Crystal Amaya, Brad Cates, Brian Moore, and Kim Ronquillo. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiffs' motion is well-taken and, therefore, is **GRANTED**. Accordingly, Defendant Bregman's Motion for Summary judgment, **(Doc. 118)**, is also **DENIED WITHOUT PREJUDICE** at this time.

**BACKGROUND**

        Because this motion is premised on Bregman's pending Motion for Summary Judgment, the following facts are undisputed for present purposes except where otherwise noted. Plaintiffs were either campaign workers supporting Susana Martinez's successful 2010 gubernatorial

campaign or persons who sent emails to addresses at the susana2010.com domain. Between July 2011 and June 2012, Defendant Jamie Estrada intercepted hundreds of emails sent to addresses at the susana2010.com domain, leaving the senders and recipients unaware that the messages had been intercepted. Plaintiffs allege that their "private and confidential e-mail communications" were among those intercepted. Estrada decided to share the intercepted emails with the Governor's political opponents, including Defendant Jason Loera, a Democratic consultant working for the Grassroots New Mexico political committee.

Bregman is a New Mexico attorney, the founder of Grassroots New Mexico, and the then-chairman of the state Democratic Party. At some point prior to September 7, 2012, Bregman received an email message from a sender identified as "Omar Ravenherst." Relying on an FBI search warrant, Plaintiffs believe that the email in question was sent to Bregman on July 15, 2012, and that "Omar Ravenherst" was an alias used by Loera. This message sent to Bregman included a forwarded copy of an email sent to the Governor by her Chief of Staff, as well as an attached report summarizing investigative research into Bregman's client Larry Flynn. There is no dispute that the attached email and report were among the susana2010.org emails intercepted by Estrada; nor is there any dispute that the email and report did not mention or otherwise involve any of the Plaintiffs in this action. On September 7, 2012, Bregman attached the email and report he received from "Omar Ravenherst" to a pleading filed on Flynn's behalf in an unrelated court action.

Estrada was indicted by a federal grand jury in late May 2013 on charges connected to his interception of emails sent to or from the susana2010.com accounts. In June 2014, Estrada pleaded guilty to one count of interception of electronic communications and one count of making false statements and was subsequently sentenced in accordance with his plea agreement.

Plaintiffs initiated this action in June 2014 and filed the operative First Amended Complaint in November 2014. The only remaining claim against Bregman, brought pursuant to 18 U.S.C. § 2520(a), alleges that Bregman intentionally disclosed and/or used intercepted electronic communications in violation of 18 U.S.C. § 2511(1)(c)(d).[1]

On May 6, 2015, before discovery had opened in this action, Bregman filed his motion for summary judgment. Plaintiffs responded with the instant motion on June 16, 2015, requesting that the Court deny or defer Bregman's motion to allow further discovery to continue. Discovery officially opened on July 14, 2015, and is slated to conclude in March 2016.

## DISCUSSION

Rule 56 allows a party to move for summary judgment on any or all claims or defenses, and a court will grant summary judgment in the movant's favor if he can show that "there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A non-moving party opposing summary judgment may use a variety of means to show that material facts are in genuine dispute, including an affidavit made on personal knowledge that sets out facts that would be admissible in evidence. FED. R. CIV. P. 56(c)(1), (4). However, under Rule 56(d) (formerly Rule 56(f)), if the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may, *inter alia*, deny or defer consideration of the summary judgment motion and/or allow time for additional discovery. FED. R. CIV. P. 56(d).

As a general rule, a party opposing summary judgment may not invoke Rule 56(d) "by simply stating that discovery is incomplete." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007). Instead, "[a] party seeking to defer a ruling on summary judgment

---

[1] The Court has previously dismissed a claim of conspiracy brought against Bregman and other Defendants. *See* **(Doc. 98)**, Memorandum Opinion and Order.

3

. . . must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'" *Id.* (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)). Having identified the unavailable facts and the steps taken to obtain them, the party must then "show how additional time will enable him to rebut [the] movant's allegations of no genuine issue of fact." *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask*, 446 F.3d at 1042); *see also Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

"The protection afforded by [Rule 56(d)] . . . is designed to safeguard against a premature or improvident grant of summary judgment." *Guthrie v. Sawyer*, 970 F.2d 733, 738 (10th Cir. 1992) (quoting *Pasternak v. Lear Petroleum Exploration, Inc.*, 79 F.2d 828, 833 (10th Cir. 1986)). As such, courts have long been required to ensure that motions under Rule 56(d) are "liberally treated" unless the party seeking relief under that provision has been dilatory or his motion otherwise lacks merit. *See Campbell*, 962 F.2d at 1522 (citation omitted). On the other hand, "[an] affidavit's lack of specificity" can serve as a basis for denying additional discovery under this rule. *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206 (10th Cir. 2015) (quoting *Trask*, 446 F.3d at 1042). Further, "a litigant's unsupported averments cannot justify deferring a ruling on—let alone denying altogether—a motion for summary judgment." *Id.* (citing *Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 537 (10th Cir. 1987)).

Much of Plaintiffs' reasoning for obtaining discovery at this point is purely speculative and unsupported. For example, Plaintiffs now allege for the first time that Bregman "facilitated, directed or instructed others to delete, destroy, erase, dispose of, or otherwise spoliate electronically stored information relating to the Plaintiffs' emails." However, Plaintiffs'

4

complaint does not include these allegations, and Plaintiffs provide no factual basis for these serious allegations in their other filings. Nor does it seem that Plaintiffs' allegations of "facilitating" or "directing" other persons could be read to conform to the elements of Plaintiffs' § 2520(a) claim. *See* (**Doc. 98**), Memorandum Opinion and Order, at 6-9 (holding that liability cannot exist under § 2520(a) for mere aiders, abettors, or conspirators); *see also id.* at 16-17 (recognizing that § 2520(a) limits liability to interception, disclosure, and intentional use of communications, and noting that the definitions of these terms are limited).

On the other hand, Plaintiffs' affidavit appears to largely meet the requirements of Rule 56(d). First, Plaintiffs are seeking facts concerning whether Bregman intercepted, disclosed, and/or used their electronic communications. Specifically, Plaintiffs seek to acquire relevant documentary and testimonial evidence from Bregman and other Defendants concerning the actions taken by Bregman with respect to Plaintiffs' email communications. Second, Plaintiffs note that any such evidence is currently in the exclusive control of Bregman and possibly other Defendants, and they observe that they have thus far been unable to acquire those facts through discovery because discovery had not opened at all prior to the filing of Bregman's summary judgment motion and the instant Rule 56(d) motion. Finally, given the procedural posture of this case, some degree of discovery is appropriate in order to allow the parties to establish a clearer record concerning Bregman's possible involvement with any of Plaintiffs' emails.

The Court is mindful of Bregman's objections to Plaintiffs' Rule 56(d) affidavit. This Defendant has already provided testimony under oath that he has "never intercepted, disclosed, or intentionally used any emails belonging to or intended for the Plaintiffs nor . . . come in contact with emails that the Plaintiffs were even mentioned in." *See* (**Doc. 118 Ex. A**). Moreover, although Plaintiffs assert a number of facts "admitted by certain Defendants" and "revealed

5

through government documents," many of Plaintiffs' contentions are, at best, currently supported by "facts" that are merely "believed to be true by Plaintiffs" or "inferences based on admitted facts." Despite the volume of Plaintiffs' conjecture, their allegations against Bregman appear to be solely based on the fact that Estrada intercepted their emails and distributed them to the Governor's political enemies, that Loera allegedly received these emails from Estrada, and that Loera (using an alias) purportedly shared one intercepted email with Bregman that had nothing to do with Plaintiffs. This is a thin reed for Plaintiffs to hang their collective hats on, at least with respect to Bregman.

Under these circumstances, however, it is not outlandish to infer that Loera, a consultant with a political committee founded by Bregman, may have shared other intercepted emails with Bregman, including some sent by or intended for Plaintiffs. Summary judgment is a "drastic" form of relief that "should be applied with caution to the end that litigants will have a trial on bona fide factual issues." *Morrison Flying Serv. v. Deming Nat'l Bank*, 340 F.2d 430, 432-33 (10th Cir. 1965). Given the early procedural posture of this case, the liberal treatment afforded to Rule 56(d) affidavits, and the showing made by Plaintiffs thus far, the Court concludes that some additional discovery should be allowed to proceed before considering Bregman's summary judgment motion. The Court will therefore deny Bregman's motion for summary judgment without prejudice as to refiling.

The Court's holding should not be construed as an endorsement of Plaintiffs' position concerning the length and scope of additional discovery needed to rebut Bregman's argument that no genuine issues of material fact remain. Because "Rule 56([d]) is not a license for a fishing expedition," *Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990), some limits on the discovery that follows this Memorandum Opinion and Order concerning the claim against

Bregman would be entirely fitting. Nor should Bregman be denied an opportunity to seek a relatively early resolution of the remaining claim against him if, after an appropriate period of discovery, the record supports his position concerning the absence of any genuine issues of fact. Therefore, the Court refers the parties to United States Magistrate Judge Stephan M. Vidmar, the pretrial magistrate judge assigned to this action, for resolution of any questions concerning the temporal and substantive scope of discovery that should be allowed before Bregman can refile his motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 56(d) to Deny or Defer Defendant Sam Bregman's Motion for Summary Judgment, **(Doc. 127)**, is GRANTED and Defendant Sam Bregman's Motion for Summary Judgment, **(Doc. 118)**, is DENIED WITHOUT PREJUDICE.

   SO ORDERED

_____
UNITED STATES DISTRICT JUDGE