## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CRYSTAL AMAYA, BRAD CATES,**
**BRIAN MOORE, and KIM RONQUILLO,**

      **Plaintiffs,**

**v.**                                              **No. 14-cv-0599 WJ/SMV**

**SAM BREGMAN, MICHAEL CORWIN,**
**JAMIE ESTRADA, ANISSA GALASSINI-FORD,**
**JASON LOERA, and BRUCE WETHERBEE,**

      **Defendants.**[1]

### <u>ORDER DENYING PLAINTIFFS' MOTION TO STRIKE</u>

THIS MATTER is before the Court on Plaintiffs' Motion to Strike Defendant Wetherbee's Motion to Join Additional Parties and Amend Pleadings by Filing of his First Counterclaims, [Doc. 208], filed October 26, 2015.  Plaintiffs move to strike Defendant Wetherbee's Motion to Join Additional Parties and Amend Pleadings by Filing of his First Counterclaims of Prima Facie Tort, Conspiracy, Civil RICO, and Conspiracy Under Civil RICO ("Motion"), [Doc. 181], filed October 7, 2015.[2]  Defendant Wetherbee responded on December 7, 2015.  [Doc. 273].  Plaintiffs replied on December 8, 2015.  [Doc. 274].  Having considered the parties' submissions and relevant law, and being otherwise fully advised in the premises, the Court finds that Plaintiffs' Motion to Strike should be **DENIED**.

---

[1] On March 23, 2015, the Honorable William P. Johnson, United States District Judge, dismissed all claims against Defendant Anissa Galassini-Ford.  [Doc. 98].  Accordingly, Galassini-Ford is no longer a party to this action.  On April 14, 2015, the Clerk of Court entered default against Defendant Jason Loera.  [Doc. 110].
[2] Non-party Darren White joined Plaintiffs' Motion to Strike on November 18, 2015.  [Doc. 232].

## Law Regarding Motions to Strike

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) applies only to pleadings. The Rules define "pleadings" as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, "if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). A motion is not a pleading subject to Rule 12(f). *See Searcy v. Soc. Sec. Admin.*, 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. Mar. 2, 1992) (unpublished) (affirming Magistrate Judge's recommendation that motion to strike defendant's motion to dismiss should be denied because "there is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda"); 2 MOORE'S FEDERAL PRACTICE ¶ 12.37[2] (Matthew Bender 3d ed.) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

Independent of Rule 12(f), the Court has "inherent power . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Stone v. I.N.S.*, 514 U.S. 386, 411 (1995). Using this case-management authority, the Court may "choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, No. 06-cv-0916, 2008 WL 2230774, at *1 (S.D. Ohio May 28, 2008) (unpublished); *see also In re Hopkins*, No. 98-1186, 162 F.3d 1173, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998) (unpublished) (holding that

because a party's "briefs were non-complying . . . it was well within the discretion of the district court to strike them.").

## Analysis

Plaintiffs move under Rule 12(f) to strike Defendant Wetherbees's Motion in its entirety because it contains "impertinent, immaterial, and scandalous matters."  [Doc. 208] at 6. Defendant Wetherbee's Motion, however, is not a "pleading" under the Rules, but a motion.  It cannot be struck under Rule 12(f).

Plaintiffs also request that the Court exercise its inherent authority to strike filings for two reasons.  First, they state that Defendant Wetherbee's Motion did not comply with local and federal rules.  [Doc. 208] at 10–11. Plaintiffs argue that his Motion fails to comply with D.N.M.LR-Civ. 7.1(a) ("A motion must state with particularity the grounds and the relief sought . . . . Movant must determine whether a motion is opposed"), D.N.M.LR-Civ. 15.1 (motion to amend must be accompanied by proposed amendment), Fed. R. Civ. P. 15(a)(2) (movant must seek consent of opponent or leave of court before amending a pleading."), Fed. R. Civ. P. 7(b)(1)(B) (motions must state with particularity the grounds for the order), and Fed R. Civ. P. 8(a)(2) (pleading must make a "short and plain statement showing that the pleader is entitled to relief").[3]  However, the rules cited by Plaintiffs do not render Defendant Wetherbee's Motion "fatally defective," *id*. at 11, as Plaintiffs allege.  Although the Motion may not strictly comply with these rules, no case-management purpose would be served by striking it, especially in light of the Court's denial of his Motion.  [Doc. 283] (Order denying Defendant Wetherbee's Motion to Join/Amend).

---

[3] Some of the rules cited by Plaintiffs are not applicable to the present situation.  For example, Fed. R. Civ. P. 8(a)(2) applies to pleadings, not motions, and Defendant Wetherbee sought leave of the Court to amend his answer, as required by Fed. R. Civ. P. 15(a)(2).

Finally, Plaintiffs argue that the Court should exercise its discretion to strike Defendant Wetherbee's Motion because they will be prejudiced by the expenditure of additional time and money needed to litigate this action if the Motion is granted.[4]  [Doc. 208] at 12.  Plaintiffs' concerns about incurring extra expense and expending extra time, while potentially valid in the abstract, are moot in light of the Court's recent denial of that Motion.  *See* [Doc. 283].

Plaintiffs have also requested that the Court strike Defendant Wetherbee's response to the motion to strike, [Doc. 273], because it contains similarly "impertinent, immaterial and scandalous materials."  [Doc. 274] at 3.  This request will be denied for the reasons stated above.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Motion to Strike Defendant Wetherbee's Motion to Join Additional Parties and Amend Pleadings by Filing of his First Counterclaims [Doc. 208] is **DENIED.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[4] Plaintiffs also argue in this section that Defendant Wetherbee's Motion should be struck because it contains "scandalous" and "irrelevant" material under Rule 12(f).  [Doc. 208] at 12–13.  As discussed, Defendant Wetherbee's Motion is not subject to the constraints of Rule 12(f), so this argument fails.