IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CRYSTAL AMAYA, BRAD CATES,**
**BRIAN MOORE, and KIM RONQUILLO,**

      **Plaintiffs,**

**v.**                                                     **No. 14-cv-0599 WJ/SMV**

**SAM BREGMAN, MICHAEL CORWIN,**
**JAMIE ESTRADA, ANISSA GALASSINI-FORD,**
**JASON LOERA, and BRUCE WETHERBEE,**

      **Defendants.**[1]

## ORDER REGARDING SCOPE OF DISCOVERY

THIS MATTER is before the Court on four motions: Defendant Bregman's Motion for Protective Order, [Doc. 179];[2] Plaintiffs' Motion to Compel Defendant Sam Bregman to Respond Without Objection to Plaintiffs' First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admissions Propounded by Plaintiffs and, as appropriate, to Provide a Compliant Privilege Log, [Doc. 213];[3] Plaintiffs' Motion for a Protective Order Regarding the Sequence, Timing, and Scope of the Depositions of Plaintiffs, [Doc. 219];[4] and Plaintiffs' Motion for a Protective Order Regarding the Sequence, Timing, and

---

[1] On March 23, 2015, the Honorable William P. Johnson, United States District Judge, dismissed all claims against Defendant Anissa Galassini-Ford. [Doc. 98]. Accordingly, Galassini-Ford is no longer a party to this action. On April 14, 2015, the Clerk of Court entered default against Defendant Jason Loera. [Doc. 110].

[2] Defendant Bregman's Motion for Protective Order, [Doc. 179], filed September 29, 2015. Plaintiffs responded on October 30, 2015. [Doc. 212]. Defendant Bregman replied on December 4, 2015. [Doc. 270].

[3] Plaintiffs' Motion [Doc. 213] was filed on October 30, 2015. Defendant Bregman responded on December 4, 2015. [Doc. 268]. Plaintiffs replied on December 21, 2015. [Doc. 292].

[4] Plaintiffs' Motion [Doc. 219] was filed November 10, 2015. Defendant Bregman responded on November 25, 2015. [Doc. 246]. Defendants Wetherbee, Corwin, and Estrada joined the response on the same day. [Docs. 249, 250, 251]. Plaintiffs replied on December 1, 2015. [Doc. 253].

Scope of the Depositions of Third Parties Matthew Kennicott and Ryan Cangiolosi, [Doc. 220].[5] The Court heard oral argument on January 11, 2016, has reviewed the relevant documents and law, and is otherwise fully advised in the premises.  For the reasons stated on the record at the hearing, each Motion will be **GRANTED in part and DENIED in part.**

## I.    Scope of Discovery

The parties are entitled to discovery on the following issues: (1) the identity of persons who disclosed or used the stolen emails and the extent of that disclosure and use; (2) the motive of the disclosure and use as it relates to Plaintiffs' claims for punitive damages; (3) the time at which Plaintiffs had a reasonable opportunity to discover that their emails had been illegally intercepted, and (4) whether the contents of the emails sent to or by Plaintiffs  constitute matters of public concern.  Parties are entitled to full discovery on the "paper trail" of *all* of the emails— not just the emails sent to or received by Plaintiffs—after they were illegally intercepted.  The parties are reminded that all Fed R. Civ. P. 26(b)(1) permits discovery on any non-privileged matter that is relevant to any party's claim or defense.  Thus, Plaintiffs could, for example, seek discovery from Defendant Bregman on their punitive damages claims against Defendants Estrada and Loera.

No party may conduct discovery on Plaintiffs' motivation for bringing this lawsuit, alleged past or present corruption in Governor Susana Martinez's administration, the alleged "rigging" of the Racino contract, the alleged use of public resources for private political purposes, the alleged use of private emails to conceal information from the public and/or the media, the alleged intimidation of the Foundation for Open Government, Governor Martinez's

---

[5] Plaintiffs' Motion [Doc 220] was filed November 10, 2015.  Defendant Bregman responded on November 25, 2015.  [Doc. 247].  Defendants Wetherbee, Corwin, and Estrada joined the response on the same day.  [Docs. 248, 250, 251].  Plaintiffs replied on December 1, 2015.  [Doc. 254].

personal or professional relationship with Patrick J. Rogers, the Governor's alleged attempts to "discredit" Defendants Wetherbee and Corwin, or the contents of the Plaintiffs' emails, except as to whether they constitute matters of public concern.

### a.    Permitted Deponents and Timing of Depositions

No depositions may be taken by any party until all parties have (1) made their initial disclosures and (2) responded to the first round of written discovery, or in any case before **February 16, 2016**.

Absent Court permission, depositions of parties must be taken before depositions of non-parties.  The only exception to this is Anissa Galassini-Ford, whose deposition may be taken before the depositions of the parties are completed.  The Court suggests that if Ms. Ford will be deposed, her deposition be held before that of Defendant Bregman.

Defendants may depose Patrick J. Rogers (after the depositions of the parties are completed) on the email Bates-stamped as Corwin357 on the issue of whether that email is a matter of public concern.

No party may depose the following individuals without first filing a motion and establishing that good cause exists to believe that the individual has information relevant to the claims and defenses in this case as outlined above:  Ryan Cangioliosi, Matthew Kennicott, Governor Susana Martinez, Judge Kenneth Gonzales, Jay McCleskey, Hanna Skandera, Darren White, William Windham, Cecilia Martinez, Agnes Maldonado, Keith Gardner, Amy Orlando, Paul Kennedy, Charlotte Rhode, Greg Fouratt, Tom Tinnin, Larry Kennedy, Larry Behrens, Dan Mourning, Robert Aragon, and John Garcia.

**b.**     **Defendant Bregman's Computers, Servers, and Electronically Stored Files**

The Court will not decide the issue of whether Plaintiffs will be permitted access to Defendant Bregman's computers, servers, and electronically stored confidential attorney files at this time.  The Court may allow Plaintiffs access in the future, should they show the requisite good cause.

**c.**     **Temporal Limitations on Discovery**

The Court will deny Defendant Bregman's request that it limit discovery to mattes occurring between July 29, 2011, and December 18, 2014.  Defendant Bregman shall provide responses for the time periods requested by Plaintiffs.

**II.**     **Defendant Bregman's Required Discovery Responses**

**a.**     **Defendant Bregman's Assertion of the Attorney-Client Privilege**

In his responses to the Plaintiffs' first set of discovery requests, Defendant Bregman has asserted the attorney-client privilege with respect to Defendants Loera, Estrada, and Corwin, as well as non-parties Alfred Lovato and Anissa Galassini-Ford.   The Court finds that there was an attorney-client relationship between Defendants Bregman and Estrada on September 29, 2012, between Defendants Bregman and Corwin on June 14 and 15, 2012, and between Defendant Bregman and Anissa Galassini-Ford, at least on matters relating to the FBI's inquiry into the intercepted emails.

The Court finds that Defendant Bregman has not proved the existence of an attorney-client relationship between himself and Alfred Lovato.

The Court finds that no attorney-client privilege existed between Defendants Bregman and Loera.   Therefore, Defendant Bregman must produce all requested discovery regarding

communications between himself and Defendant Loera, regardless of whether others were present or whether they were clients of Defendant Bregman who now claim the attorney-client privilege. This applies to communications where Defendant Loera was physically present and to communications to which he was a party (e.g. emails, text messages, phone calls).

**b.     Plaintiffs' First Set of Discovery Requests**

Defendant Bregman is hereby ORDERED to take the following actions with regard to Plaintiffs' first set of discovery requests:

**Interrogatories**

| Interrogatory | Defendant Bregman's Required Action |
|:---:|:---|
| 1 | Defendant Bregman must respond fully and/or supplement his response. |
| 2 | Defendant Bregman must respond fully and/or supplement his response. |
| 3 | Defendant Bregman must respond fully and/or supplement his response. |
| 4 | Defendant Bregman must respond fully and/or supplement his response. |
| 5 | Defendant Bregman must state under oath that he has already identified all computers he used to send or receive email during the time period in question, if he can truthfully do so, or serve a supplemental Answer that responds to the Interrogatory in full. |
| 6 | Defendant Bregman must respond fully and/or supplement his response. |
| 7 | Defendant Bregman must state under oath that the emails he has produced comprise all responsive documents, if he can truthfully do so, or serve a supplemental Answer that responds to the Interrogatory in full. |
| 8 | Defendant Bregman must fully respond. To the extent that he asserts that any of the communications responsive to the Interrogatory fall under the attorney-client privilege, he must provide a proper privilege log that complies with the requirements set forth in *U.S. v. Community Health Systems*, No. 05-cv-0279 WJ/ACT, 2012 WL 12342816 (D.N.M. May 16, 2012), at *5.  He must also produce to the Court for *in camera* review an unredacted, Bates-stamped copy of each written communication identified in the privilege log. |

| 9 | Defendant Bregman must respond fully and/or supplement his response. |
|---|---|
| 10 | Defendant Bregman must respond fully and/or supplement his response. |
| 11 | Defendant Bregman must respond fully and/or supplement his response. |
| 12 | Defendant Bregman must provide the dates of his attorney-client relationship with each client and a description of the general subject matter of the relationship. |
| 13 | Defendant Bregman must serve a supplemental response.  If Defendant Bregman denies knowledge of the requested information, Plaintiffs' counsel may take a Rule 30(b)(6) deposition of Independent Source Political Action Committee (ISPAC). |
| 14 | Defendant Bregman must respond fully and/or supplement his response. |
| 16 | Defendant Bregman must respond fully and/or supplement his response. |

## Requests for Admission

| Request for Admission | Defendant Bregman's Required Action |
|---|---|
| 1 | Defendant Bregman must respond fully and/or supplement his response. |
| 4 | Defendant Bregman must respond fully and/or supplement his response. |
| 5 | Defendant Bregman must respond fully and/or supplement his response. |
| 6 | Defendant Bregman must respond fully and/or supplement his response. |
| 7 | Because Defendant Bregman denied the request, he must provide a supplemental response to Interrogatory 15, which requires him to provide a detailed explanation and all bases for the denial. |
| 8 | Because Defendant Bregman denied the request, he must provide a supplemental response to Interrogatory 15, which requires him to provide a detailed explanation and all bases for the denial. |
| 9 | Because Defendant Bregman denied the request, he must provide a supplemental response to Interrogatory 15, which requires him to provide a detailed explanation and all bases for the denial. |
| 10 | Defendant Bregman need not respond. |

| 11 | Defendant Bregman need not respond. |
|---|---|
| 12 | Defendant Bregman must respond fully and/or supplement his response. |
| 13 | Defendant Bregman must respond fully and/or supplement his response. |
| 14 | Because Defendant Bregman denied the request, he must provide a supplemental response to Interrogatory 15, which requires him to provide a detailed explanation and all bases for the denial. |
| 15 | Defendant Bregman must respond fully and/or supplement his response. |
| 16 | Defendant Bregman must respond fully and/or supplement his response. |
| 17 | Defendant Bregman must respond fully and/or supplement his response. |
| 18 | Defendant Bregman need not respond. |
| 19 | Defendant Bregman need not respond. |
| 20 | Defendant Bregman need not respond. |
| 21 | Defendant Bregman need not respond. |
| 22 | Defendant Bregman need not respond. |
| 23 | Defendant Bregman need not respond. |
| 24 | Because Defendant Bregman denied the request, he must provide a supplemental response to Interrogatory 15, which requires him to provide a detailed explanation and all bases for the denial. |
| 25 | Because Defendant Bregman denied the request, he must provide a supplemental response to Interrogatory 15, which requires him to provide a detailed explanation and all bases for the denial. |
| 26 | Because Defendant Bregman denied the request, he must provide a supplemental response to Interrogatory 15, which requires him to provide a detailed explanation and all bases for the denial. |
| 27 | Defendant Bregman need not respond. |
| 28 | Defendant Bregman need not respond. |
| 29 | Defendant Bregman need not respond. |

| 30 | Defendant Bregman must respond fully and/or supplement his response. |
|----|---------------------------------------------------------------------|
| 31 | Defendant Bregman must respond fully and/or supplement his response. |

**Requests for Production**

| Number | Defendant Bregman's Required Action |
|--------|-------------------------------------|
| 1 | Defendant Bregman must fully respond. To the extent that he assert that any of the communications responsive to the Request for Production fall under the attorney-client privilege, he must provide a proper privilege log that complies with the requirements set forth in No. 05-cv-0279 WJ/ACT, 2012 WL 12342816 (D.N.M. May 16, 2012), at *5. He must also produce to the Court for *in camera* review an unredacted, Bates-stamped copy of each written communication identified in the privilege log. |
| 2 | Defendant Bregman must fully respond. To the extent that he assert that any of the communications responsive to the Request for Production fall under the attorney-client privilege, he must provide a proper privilege log that complies with the requirements set forth in No. 05-cv-0279 WJ/ACT, 2012 WL 12342816 (D.N.M. May 16, 2012), at *5. He must also produce to the Court for *in camera* review an unredacted, Bates-stamped copy of each written communication identified in the privilege log. |
| 3 | Defendant Bregman must respond fully and/or supplement his response. |
| 4 | Defendant Bregman must respond fully and/or supplement his response. |
| 5 | Defendant Bregman must respond fully and/or supplement his response. |
| 6 | Defendant Bregman must fully respond. To the extent that he assert that any of the communications responsive to the Request for Production fall under the attorney-client privilege, he must provide a proper privilege log that complies with the requirements set forth in No. 05-cv-0279 WJ/ACT, 2012 WL 12342816 (D.N.M. May 16, 2012), at *5. He must also produce to the Court for *in camera* review an unredacted, Bates-stamped copy of each written communication identified in the privilege log. |
| 7 | Defendant Bregman must fully respond. To the extent that he assert that any of the communications responsive to the Request for Production fall under the attorney-client privilege, he must provide a proper privilege log that complies with the requirements set forth in No. 05-cv-0279 WJ/ACT, 2012 WL 12342816 (D.N.M. May 16, 2012), at *5. He must also produce to the Court for *in camera* review an unredacted, Bates-stamped copy of each written |

| | |
|---|---|
| | communication identified in the privilege log. |
| 8 | Defendant Bregman must fully respond. To the extent that he assert that any of the communications responsive to the Request for Production fall under the attorney-client privilege, he must provide a proper privilege log that complies with the requirements set forth in No. 05-cv-0279 WJ/ACT, 2012 WL 12342816 (D.N.M. May 16, 2012), at *5.  He must also produce to the Court for *in camera* review an unredacted, Bates-stamped copy of each written communication identified in the privilege log. |
| 9 | Defendant Bregman must fully respond. To the extent that he assert that any of the communications responsive to the Request for Production fall under the attorney-client privilege, he must provide a proper privilege log that complies with the requirements set forth in No. 05-cv-0279 WJ/ACT, 2012 WL 12342816 (D.N.M. May 16, 2012), at *5.  He must also produce to the Court for *in camera* review an unredacted, Bates-stamped copy of each written communication identified in the privilege log. |
| 10 | Defendant Bregman must fully respond. To the extent that he assert that any of the communications responsive to the Request for Production fall under the attorney-client privilege, he must provide a proper privilege log that complies with the requirements set forth in No. 05-cv-0279 WJ/ACT, 2012 WL 12342816 (D.N.M. May 16, 2012), at *5.  He must also produce to the Court for *in camera* review an unredacted, Bates-stamped copy of each written communication identified in the privilege log. |
| 11 | Defendant Bregman must fully respond. To the extent that he assert that any of the communications responsive to the Request for Production fall under the attorney-client privilege, he must provide a proper privilege log that complies with the requirements set forth in No. 05-cv-0279 WJ/ACT, 2012 WL 12342816 (D.N.M. May 16, 2012), at *5.  He must also produce to the Court for *in camera* review an unredacted, Bates-stamped copy of each written communication identified in the privilege log. |
| 12 | Defendant Bregman must fully respond. To the extent that he assert that any of the communications responsive to the Request for Production fall under the attorney-client privilege, he must provide a proper privilege log that complies with the requirements set forth in No. 05-cv-0279 WJ/ACT, 2012 WL 12342816 (D.N.M. May 16, 2012), at *5.  He must also produce to the Court for *in camera* review an unredacted, Bates-stamped copy of each written communication identified in the privilege log. |
| 13 | Defendant Bregman must state under oath that he has already produced all responsive documents, if he can do so truthfully, or serve a supplemental Answer that produces all responsive documents in his possession or control. |
| 17 | Bregman need not take any action. |

Defendant Bregman must serve the required responses, provide a proper privilege log, and submit unredacted and Bates-stamped copies of all documents withheld on the grounds of attorney-client privilege to the Court for in camera review by **February 10, 2016.**

### III.     Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Bregman's Motion for Protective Order [Doc. 179]; Plaintiffs' Motion to Compel Defendant Sam Bregman to Respond Without Objection to Plaintiffs' First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admissions Propounded by Plaintiffs and, as appropriate, to Provide a Compliant Privilege Log [Doc. 213]; Plaintiffs' Motion for a Protective Order Regarding the Sequence, Timing, and Scope of the Depositions of Plaintiffs [Doc. 219]; and Plaintiffs' Motion for a Protective Order Regarding the Sequence, Timing, and Scope of the Depositions of Third Parties Matthew Kennicott and Ryan Cangiolosi [Doc. 220] are each **GRANTED in part and DENIED IN part.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**