IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRYSTAL AMAYA, BRAD CATES,
BRIAN MOORE, and KIM RONQUILLO,

    Plaintiffs,

v.   No. 14-cv-0599 WJ/SMV

SAM BREGMAN, MICHAEL CORWIN,
JAMIE ESTRADA, ANISSA GALASSINI-FORD,
JASON LOERA, and BRUCE WETHERBEE,

    Defendants.[1]

### ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER

THIS MATTER is before the Court on Plaintiffs' Motion for a Protective Order ("Motion") [Doc. 163], filed September 15, 2015. Defendants Bregman, Corwin, and Wetherbee responded on October 9, 2015. [Doc. 185]. Defendant Estrada joined their response on the same day. [Doc. 186]. Plaintiffs replied on October 26, 2015. [Doc. 205]. The Court heard oral argument on January 11, 2016, has reviewed the relevant documents and law, and is otherwise fully advised in the premises. For the reasons stated on the record at the hearing, Plaintiffs' Motion will be **GRANTED in part and DENIED in part.**

Emails that were publicly available as of January 11, 2016, need not be treated as confidential. If additional emails come to light during discovery that were not publicly available as of January 11, 2016, the parties must treat them as confidential and not disclose them to any person, for any reason not related to this litigation. Any party who wishes to disclose an email

---

[1] On March 23, 2015, the Honorable William P. Johnson, United States District Judge, dismissed all claims against Defendant Anissa Galassini-Ford. [Doc. 98]. Accordingly, Galassini-Ford is no longer a party to this action. On April 14, 2015, the Clerk of Court entered default against Defendant Jason Loera. [Doc. 110].

not already publicly available as of January 11, 2016, shall not do so until expressly authorized by the Court. The parties may submit a stipulated order authorizing disclosure should they agree on one. No disclosure will be permitted until the stipulated order has been signed by the Court and filed on the record.

If the parties cannot agree on a stipulated order, any party seeking to disclose any emails not already publicly available as of January 11, 2016, shall file a motion seeking the Court's permission. There is no "public concern" exception to this ruling.  That is, even if a party considers the content of an email to be a matter of public concern, that party still must obtain a stipulated order or an order from the Court before disclosing the email.

Should either party wish for materials other than emails to remain confidential, that party may attempt to agree on a stipulated order or seek an order from the Court.

The parties are ordered to meet and confer to attempt to agree to a proposed stipulated confidentiality order, consistent with this order.  Should they able to agree, Plaintiffs' counsel shall email the proposed order to smvproposedtext@nmcourt.fed.us by **5:00 p.m. on January 19, 2016**, or advise the Court that the parties were unable to agree.  If the parties cannot agree on a proposed order, they shall use the sample order in § 40-27 of the MANUAL FOR COMPLEX LITIGATION (FOURTH) (2015).

Finally, Plaintiffs are **ORDERED** to produce to Defendants complete, unredacted, and Bates-stamped copies of all emails upon which they base their claims no later than **Friday, January 15, 2016.**

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion for a Protective Order [Doc. 163] is **GRANTED in part and DENIED in part.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**