**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CRYSTAL AMAYA, BRAD CATES,
BRIAN MOORE, AND KIM RONQUILLO,

        Plaintiffs,　　　　　　Case No.  1:14-CV-00599-WJ-SMV

    vs.

SAM BREGMAN, MICHAEL CORWIN,
JAMIE ESTRADA, ANISSA GALASSINI-
FORD, JASON LOERA, and BRUCE
WETHERBEE,

        Defendants.[1]

**PROTECTIVE ORDER**

Plaintiffs, Crystal Amaya, Brad Cates, Brian Moore, and Kim Ronquillo, and Defendants, Sam Bregman, Michael Corwin, Jamie Estrada, and Bruce Wetherbee, by and through their respective undersigned counsel and himself (Bruce Wetherbee) (individually "Party" or two or more "Parties"), submit the Protective Order, as follows:

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

---

[1] On March 23, 2015, the Honorable William P. Johnson, United States District Judge, dismissed all claims against Defendant Anissa Galassini-Ford. [Doc. 98]. Accordingly, Galassini-Ford is no longer a party to this action. On April 14, 2015, the Clerk of Court entered default against Defendant Jason Loera. [Doc. 110].

(a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

(c) For purposes of this Order, only emails sent to, sent by, or copied to a person that were obtained from the @susana2010 domain and were not published on the Santa Fe Reporter website or the Independent Source PAC website or otherwise publicly available prior to January 11, 2016, shall be treated as confidential and shall not be disclosed to any person for any reason not related to this litigation.  Such emails or parts thereof will be designated after review by an attorney for the producing party by stamping the word confidential on each page.  An email shall not be deemed "publicly available" if it was only in the possession, custody or control of the @susana2010 domain for which an email was intended for or sent from, any person who sent an email to an email address using the @susana2010 domain, any of the named Defendants, including without limitation dismissed-Defendant Anissa Galassini-Ford, or any individual or governmental agency to whom a copy of the email was provided as long as that individual or governmental agency did not subsequently make any such email publicly available prior to January 11, 2016.

(d) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the court or special master. Such application shall only be granted for reasons shown and for extraordinary grounds.

(e) Documents designated confidential shall be shown only to the attorneys, the parties, parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidentiality designation.  Any party who wishes to disclose an email not already publicly available as of January 11, 2016, or any other document that the Court has ordered shall be deemed confidential, shall not do so until expressly authorized by the Court. The parties may submit a stipulated order authorizing disclosure should they agree on one. No disclosure will be permitted until the stipulated order has been signed by the Court and filed on the record.  There is no "public concern" exception to this ruling. That is, even if a party considers the content of an email to be a matter of public concern, that party still must obtain a stipulated order or an order from the Court before disclosing the email.

(f) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(g) At the time of deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain matters that the party asserts should be treated as confidential. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. In filing materials with the court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential information, or that set forth the substance of such confidential information.

(h) In any application to the court referred to or permitted by this order, the court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

IT IS SO ORDERED.

DATED this   27th   day of January, 2016.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**