IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRYSTAL AMAYA, BRAD CATES,
BRIAN MOORE, and KIM RONQUILLO,

      Plaintiffs,

v.                                                                          No. 14-cv-0599 WJ/SMV

SAM BREGMAN, MICHAEL CORWIN,
JAMIE ESTRADA, ANISSA GALASSINI-FORD,
JASON LOERA, and BRUCE WETHERBEE,

      Defendants.[1]

### MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANT BREGMAN'S OBJECTION TO MAGISTRATE JUDGE'S RULING AS TO WHETHER AN ATTORNEY-CLIENT RELATIONSHIP EXISTS BETWEEN DEFENDANTS BREGMAN AND LOERA

THIS MATTER is before the Court on Defendant Bregman's Objection to Magistrate Judge's Ruling as to Whether an Attorney-Client Relationship Exists between Defendants Bregman and Loera [Doc. 341], filed on January 25, 2016.  *See* Magistrate Judge's Order Regarding Scope of Discovery [Doc. 323].  Defendant Bregman filed an Errata on January 26, 2016.  [Doc. 345].  No other party—not even Defendant Loera himself—has joined in the objection.  Having considered the Objection, the record, the applicable law, and being otherwise fully advised in the premises, the Court finds that Defendant Bregman's Objection is not well-taken and is, therefore, **OVERRULED**.

---

[1] On March 23, 2015, the Court dismissed all claims against Defendant Anissa Galassini-Ford.  [Doc. 98].  Accordingly, Galassini-Ford is no longer a party to this action.  On April 14, 2015, the Clerk of Court entered default against Defendant Jason Loera.  [Doc. 110].

**Legal Standard**

Review of a magistrate judge's ruling is required by the district court when a party timely files written objections. Because discovery is a nondispositive matter, objections to discovery rulings are reviewed under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *Hutchinson v. Pfiel*, 105 F.3d 562, 566 (10th Cir. 1997). In reviewing such objections, "the district court must defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law." *Id.*

The clearly erroneous standard "requires that the reviewing court affirm unless [the court,] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted).[2] Just "as the district judge should normally defer to the magistrate judge's decision . . . he or she should not be hamstrung by the clearly erroneous standard. At its broadest, it is limited to factual findings." *Id.*

Under the "contrary to law" standard, the district court conducts a plenary review of the magistrate judge's legal determinations, setting aside the magistrate judge's order if it applied an incorrect legal standard. 12 CHARLES ALAN WRIGHT, ET. AL., FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." *Id.*

**I.   The Magistrate Judge did not err by relying on the Loera Declaration.**

Bregman argues that the Magistrate Judge committed error by relying on the Declaration of Defendant Jason Loera [Doc. 212-1] in determining that no attorney-client relationship existed

---

[2] The United States Court of Appeals for the Seventh Circuit has stated that, to be clearly erroneous, "a decision must strike [the Court] as more than just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

between Loera and Bregman.  His argument is based upon a faulty reading of Fed. R. Evid.

104(a) and a misrepresentation of the holding in *United States v. Zolin*, 491 U.S. 554 (1989).

Rule 104(a) provides that "[t]he court must decide any preliminary question about

whether a witness is qualified, a privilege exists, or evidence is admissible.  In so deciding, the

court is not bound by evidence rules, except those on privilege."

Bregman begins his argument by stating:

> With exception to [sic] questions of **privilege**, the Rules of
> Evidence do not apply to preliminary questions of fact governing
> admissibility under Rule 104(a).  Fed. R. Evid. 104(a) ("The court
> must decide any preliminary question about whether a witness is
> qualified, a privilege exists, or evidence is admissible.  In so
> deciding, the court is not bound by evidence rules, *except those on
> privilege*.") (emphasis added).  These Rules make clear that, in
> making a preliminary determination as to the existence of a
> privilege, United States District Courts are bound to observe the
> Federal Rule of Evidence.

[Doc. 341] at 7.  In other words, he reads the Rule to say, "In deciding preliminary matters, other

than the existence of a privilege, the court is not bound by the Rules of Evidence; however, in

deciding the existence of a privilege, the court is bound by the Rules of Evidence."  That is

incorrect, both grammatically and legally.  The only proper reading of the Rule is, "In deciding

. . . preliminary questions, the other rules of evidence, except those with respect to privileges, do

not bind the Court." *United States v. Hernandez-Lopez*, 761 F. Supp. 2d 1172, 1178

(D.N.M. 2010).

This, of course, makes sense.  Discovery disputes involving privileges arise every day in

federal court.  Those disputes, if not resolved, typically reach a magistrate judge in the form of a

motion to compel or a motion for protective order.  In deciding those motions, the first step is to

determine whether the privilege exists.  In the vast majority of cases, that determination is made

based on affidavits, which are hearsay.  *See, e.g.*, *Sanchez v. Matta*, 229 F.R.D. 649, 653–61 (defendants met their burden of establishing work-product privilege and attorney-client privilege through affidavit of investigator).  If Bregman's interpretation of Rule 104(a) were correct, a magistrate judge could determine the existence of a privilege only by holding an evidentiary hearing at which the Rules of Evidence would be rigorously applied.  That result would not only be absurd, it is exactly the situation that Rule 104(a) was intended to avoid.  The fact of the matter is that a court may rely on hearsay in determining the existence of a privilege, including the attorney-client privilege.  *United States v. Campbell*, 73 F.3d 44, 48 (5th Cir. 1996); *In re Grand Jury Subpoena*, 884 F.2d 124, 127 (4th Cir. 1989); *Burton v. R.J. Reynolds Tobacco Co*., 167 F.R.D. 134, 142 (D. Kan. 1996); *Saxholm AS v. Dynal, Inc*., 164 F.R.D. 331, 333 (E.D.N.Y. 1996) (holding that a party who asserts attorney-client privilege must establish all essential elements of the privilege by submitting "affidavits or other competent evidence").

Bregman's reliance on *Zolin* is entirely misplaced.  *Zolin* does not stand for the proposition that "in making a preliminary determination as to the existence of a privilege, a district court is bound by the rules of evidence."  *See* [Doc. 341] at 8.

In *Zolin*, the Criminal Investigation Division of the Internal Revenue Service ("IRS") sought access to 51 documents as part of its investigation into the tax returns of L. Ron Hubbard, the founder of the Church of Scientology.  The documents were filed with the Los Angeles County Superior Court in connection with a case called the *Church of Scientology of California v. Armstrong*.  The *Armstrong* case involved an allegation by the Church that one of its former members had unlawfully obtained materials relating to Church activities, including two tapes. The IRS served a summons on the Clerk of the Court and was granted permission to inspect and

copy some of the materials, including the two tapes.  The Church secured a restraining order from a United States District Court requiring the IRS to return the materials to the county superior court.  The IRS sought to enforce its summons.  The Church objected, arguing, in part, that the materials were protected by the attorney-client privilege.  The IRS argued that the tapes fell within the crime-fraud exception to the attorney-client privilege.  The IRS also requested the district court to listen to the tapes *in camera* before making its ruling.

The district court ruled that the tapes fell under the attorney-client privilege and that the crime-fraud exception did not apply.  On appeal, the Ninth Circuit Court of Appeals affirmed the district court's determination that the IRS had failed to establish the applicability of the crime-fraud exception.

The IRS filed a petition for writ of certiorari in the United States Supreme Court, which agreed to hear the case.  The issues before the Supreme Court were (1) whether Rule 104(a) precluded the district court from reviewing the tapes *in camera*, and (2) the level of evidence the party seeking the *in camera* review must submit to the court in order to justify such review.  The Court held, first, that Rule 104(a) does not preclude a district court from reviewing purportedly privileged materials *in camera* to determine whether the crime-fraud exception applies.  With respect to the second issue, the Court held that where a party seeks *in camera* review of purportedly privileged documents based on the crime-fraud exception, "the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *Zolin*, 491 U.S. at 572 (internal citations and quotation marks omitted).

Nowhere in the opinion does the Court come close to holding that "in making a preliminary determination as to the existence of a privilege, a district court is bound by the rules of evidence," as Bregman claims. *See* [Doc. 341] at 8. The Court did state, "Rule 104(a) . . . establishes that materials that have been determined to be privileged may not be considered in making the preliminary determination of the existence of a privilege," *Zolin*, 491 U.S. at 573, which is entirely consistent with the court's holding in *Hernandez-Lopez*, 761 F. Supp. 2d at 1178 ("In deciding . . . preliminary questions, the other rules of evidence, except those with respect to privileges, do not bind the Court."). In short, *Zolin* does not support Bregman's argument. Nor does any other case, as far as the Court can tell. Bregman has failed to establish that the Magistrate Judge erred in relying on the Loera Declaration. His objections based on those grounds are overruled.

## II. The Magistrate Judge did not err in finding that Bregman had failed to establish the existence of an attorney-client relationship between Loera and himself.

This part of Bregman's objections begins with the following statement:

> On its face, the Declaration of Jason Loera . . . does not address a number of questions critical to whether an attorney-client relationship exists between Mr. Bregman and Mr. Loera and whether the attorney-client privilege applies to protect their communications from disclosure.

[Doc. 341] at 13. Surprisingly, Bregman's brief makes no attempt to set forth what must be proved in order to establish the existence of an attorney-client relationship. A party seeking to prove the existence of an attorney-client relationship must show that (1) the client submitted confidential information to a lawyer, (2) with the reasonable belief that the lawyer was acting as his attorney. *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1384 (10th Cir. 1994). Loera states in his Declaration

> 4. I have never had an attorney-client relationship with Mr. Bregman . . . . Contrary to Mr. Bregman's statements, neither I nor anyone in my presence ever communicated with Mr. Bregman as attorney and client.  Mr. Bregman's discussions with me and others in my presence regarding the stolen emails were always in a political role and with political focus.
>
> . . . .
>
> 23. . . . . Mr. Bregman . . . was never my attorney and he never provided me or anyone else (while I was present) any legal advice regarding the interception, use, or disclosure of the stolen emails.

Loera Declaration, [Doc. 212-1] at 1–2, 5.   Thus, the Loera Declaration clearly and unambiguously addresses the two elements necessary to prove the existence of an attorney-client relationship, i.e., (1) whether Loera ever transmitted any confidential information to Bregman, (2) with the reasonable belief that Bregman was acting as his attorney.  *See Cole,* 43 F.3d at 1384.  Loera flatly denies ever communicating any confidential information to Bregman with the understanding that Bregman was acting as his attorney.

Bregman refutes Loera's testimony.  He claims that Loera did, in fact, communicate confidential information to him with the understanding that he, Bregman, would keep that information confidential in his capacity as Loera's attorney.  *See* Transcript of Proceedings held on January 11, 2016, [Doc. 355] at 31–33.  Bregman makes no effort to explain how he is in a better position to know whether Loera considered him his attorney, or whether Loera expected him to keep their communications confidential.  His position seems to be simply that he, being a lawyer, knows more about what Lorea expects or does not expect than Loera himself does.

"A party who asserts the attorney-client privilege . . . bears the burden of establishing all the essential elements of the privilege.  Meeting that burden requires the submission of affidavits

or other competent evidence to establish sufficient facts to prove the applicability of the privilege.  Conclusory or *ipse dixit* assertions are not enough." *Saxholm*, 164 F.R.D. at 333 (internal citations omitted).  It is Bregman—not Loera—who is seeking to assert the privilege. In view of Loera's Declaration, and absent any contrary information beyond Bregman's conclusory testimony (e.g., a retention letter, billing records), the Court cannot say that the Magistrate Judge erred in finding that Bregman has failed to meet his burden of proof.

**IT IS THEREFORE ORDERED** that Defendant Bregman's Objection to Magistrate Judge's Ruling as to Whether an Attorney-Client Relationship Exists between Defendants Bregman and Loera [Doc. 341] is **OVERRULED**.

_____

**UNITED STATES DISTRICT JUDGE**