IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRYSTAL AMAYA, BRAD CATES,
BRIAN MOORE, and KIM RONQUILLO,

    Plaintiffs,

v.                                        No. 14-cv-0599 WJ/SMV

SAM BREGMAN, MICHAEL CORWIN,
JAMIE ESTRADA, ANISSA GALASSINI-FORD,
JASON LOERA, and BRUCE WETHERBEE,

    Defendants.[1]

**MEMORANDUM OPINION AND ORDER OVERRULING
DEFENDANT WETHERBEE'S OBJECTION TO MAGISTRATE JUDGE'S
LIMITS ON THE SCOPE OF DISCOVERY**

THIS MATTER is before the Court on Defendant Bruce Wetherbee's . . . Objection[s] to Elements of Magistrate Judge Vidmar's Order Regarding Scope of Discovery[2] [Doc. 348], filed on January 27, 2016. *See* Magistrate Judge's Order Regarding Scope of Discovery [Doc. 323]. Defendants Bregman and Corwin joined in the Objections.[3] [Docs. 351, 354]. Having considered the Objections, the record, the applicable law, and being otherwise fully informed and

---

[1] On March 23, 2015, the Court dismissed all claims against Defendant Anissa Galassini-Ford. [Doc. 98]. Accordingly, Galassini-Ford is no longer a party to this action. On April 14, 2015, the Clerk of Court entered default against Defendant Jason Loera. [Doc. 110].

[2] The filing is stylized as a "Request for Reconsideration by Magistrate Judge Vidmar . . . or in the Alternative . . . Objection to Elements of Magistrate Judge Vidmar's Order Regarding Scope of Discovery." [Doc. 348]. "Reconsideration" of an order in federal court is only available under quite narrow circumstances. A motion for reconsideration is an "inappropriate vehicle[] to reargue an issue [or] advance[] new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Rather, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.*; *see* Fed. R. Civ. P. 59(e). Wetherbee's filing does not raise issues that would be appropriate for "reconsideration." Accordingly, the Court addresses his arguments as objections to Judge Vidmar's order under Fed. R. Civ. P. 72.

[3] The Court notes that although they joined in the Objections, neither Defendant offered any legal authority in support of Wetherbee's arguments.

advised, the Court finds that Defendant Wetherbee's Objections are not well-taken and are, therefore, **OVERRULED**.

### Legal Standard

Review of a magistrate judge's ruling is required by the district court when a party timely files written objections. Because discovery is a nondispositive matter, objections to discovery rulings are reviewed under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *Hutchinson v. Pfiel*, 105 F.3d 562, 566 (10th Cir. 1997). In reviewing such objections, "the district court must defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law." *Id.*

The clearly erroneous standard "requires that the reviewing court affirm unless [the court,] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted).[4] Just "as the district judge should normally defer to the magistrate judge's decision . . . he or she should not be hamstrung by the clearly erroneous standard. At its broadest, it is limited to factual findings." *Id.*

Under the "contrary to law" standard, the district court conducts a plenary review of the magistrate judge's legal determinations, setting aside the magistrate judge's order if it applied an incorrect legal standard. 12 CHARLES ALAN WRIGHT, ET. AL., FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." *Id.*

---

[4] The United States Court of Appeals for the Seventh Circuit has stated that, to be clearly erroneous, "a decision must strike [the Court] as more than just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

"[O]bjections to the magistrate judge's [order] must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, theories or arguments raised for the first time in objections to a magistrate judge's order are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

## Analysis

### I. The Court will overrule objections based on arguments raised for the first time in the Objections.

Wetherbee bases much of his argument on the information contained in the exhibits to his objections. *See* [Doc. 348] at 12–33. These exhibits include a Reply brief filed in Defendant Estrada's criminal action, *id.* at 12–20, and the exhibits to that brief, *id.* at 21–33. Wetherbee concedes that none of these items was before the Magistrate Judge when he made his rulings. *Id.* at 2. And, as well as the Court can tell, no one raised them in either the January 11, 2016 hearing or the briefing that preceded that hearing. Accordingly, Wetherbee's arguments based on those materials are deemed waived. *See Garfinkle*, 261 F.3d at 1031.

### II. Wetherbee's arguments regarding the scope of discovery

Wetherbee's arguments are difficult to follow. But in essence, he believes he should be allowed to conduct discovery in two areas prohibited by the Magistrate Judge: alleged corruption in the administration of Governor Martinez, and Plaintiffs' motives for filing the lawsuit. *See* [Doc. 348] at 6–8. Wetherbee argues that discovery should be allowed into alleged corruption in the Martinez administration because it relates to his defense that the emails he disclosed contained "matters of public concern." *Id*. at 6. His rationale for wanting to conduct discovery into Plaintiffs' motives for filing the lawsuit is less clear. In any event, nothing in his Objections

3

convinces the Court that the Magistrate Judge's discovery rulings are clearly erroneous or contrary to law.

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The Federal Rules of Evidence define relevance as having "any tendency to make a fact more or less probable than it would be without the evidence," where "the fact is of consequence in determining the action." Fed. R. Evid. 401. Courts have held that the scope of discovery under the federal rules is broad. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve full disclosure of all potentially relevant information."). The federal discovery rules reflect the courts' and Congress's recognition that mutual knowledge of all the relevant facts gathered by all parties is essential to proper litigation. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). As a result, Rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case." *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 649 (D.N.M. 2007) (alteration in original) (internal quotation marks omitted).

A district court, however, is not "required to permit [a party] to engage in a 'fishing expedition' in the hope of supporting his claim." *McGee v. Hayes*, 2002 WL 1608456, 43 F. App'x 214, 217 (10th Cir. July 22, 2002) (unpublished); *see Tottenham v. Trans World Gaming Corp.*, No. 00 Civ. 7697(WK), 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002) (unpublished) ("Discovery, however, is not intended to be a fishing expedition, but rather is

meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." (internal quotation marks omitted)); *Hardrick v. Legal Servs. Corp.*, 96 F.R.D. 617, 618 (D.D.C. 1983) (noting that courts do, and should, remain "concerned about fishing expeditions, discovery abuse[,] and inordinate expense involved in overbroad and far-ranging discovery requests" (internal quotation marks omitted)). "[B]road discovery is not without limits[,] and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez*, 50 F.3d at 1520 (internal quotation marks omitted).

Courts have recognized that, while it is true that relevance in discovery is broader than that required for admissibility at trial, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith Elec. Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181, at *2 (N.D. Ill. Jan. 5, 1998) (unpublished) (internal quotation marks omitted). Courts have also "recognized that [t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id.* (alteration in original) (internal quotation marks omitted).

Since 1983, the Civil Rules Advisory Committee has been attempting to address "overdiscovery, . . . . an instrument for delay or oppression." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. The Committee has repeatedly and expressly encouraged "greater judicial involvement in the discovery process [acknowledging] the reality that [discovery] cannot always operate on a self-regulating basis." *Id.* As with each amendment since 1983, the 2015 amendment

> again reflects the need for continuing and close judicial involvement in the cases that do not yield readily to the ideal of

5

>effective party management. It is expected that discovery will be effectively managed by the parties in many cases. But there will be important occasions for judicial management, both when the parties are legitimately unable to resolve important differences and when the parties fall short of effective, cooperative management on their own.

*Id.*

Consistent with these rules, Judge Vidmar held an all-day hearing on January 11, 2016, to hear oral argument on a number of motions, all essentially having to do with the scope of discovery. *See* Transcript of January 11, 2016 Proceedings [Doc. 355]. At the end of that hearing, he went to great lengths to explain his view of the claims and defenses in this lawsuit. *Id.* at 193–221. He explained why he was limiting the scope of discovery to the claims and defenses as he saw them to be. Nothing in Wetherbee's Objections makes the Court believe that Judge Vidmar erred in either (1) delineating each party's claims and defenses, or (2) focusing discovery on those claims and defenses. This Court agrees with Judge Vidmar that the issues in this lawsuit are

1. Who intercepted, disclosed, or used Plaintiffs' emails, and why did they do so?
2. To what extent were Plaintiffs' emails disclosed or used?
3. Are Plaintiffs entitled to recover statutory or punitive damages, and from whom?
4. Are some or all of Plaintiffs' claims barred by the statute of limitations?
5. Did Wetherbee or Corwin know that the emails were stolen?
6. Is Wetherbee or Corwin immune from liability for disclosing Plaintiffs' emails because of the law enforcement exception to the Federal Wiretap Act, or because the Plaintiffs' emails contained "matters of public concern," such that  Wetherbee or

Corwin was entitled to disclose them pursuant to the Supreme Court's holding in *Bartnicki v. Vopper*, 532 U.S. 514 (2001)?

*See* [Doc. 355] at 201–12. Nothing in Judge Vidmar's rulings limits the parties' ability to conduct discovery on these issues.

Wetherbee contends that he should be allowed to conduct discovery into what he perceives to be corruption in the Martinez administration. He argues that he needs such information in order to support his defense that the emails he disclosed were matters of "public concern." The problem is that Wetherbee's "matters of public concern" defense is only relevant to his disclosure of *Plaintiffs'* emails. This case is only about Plaintiffs' emails; it is not about any other stolen emails. Certainly, Wetherbee is entitled to discovery into whether *Plaintiffs'* emails were matters of public concern. But whether the other stolen emails constitute matters of public concern is irrelevant to the claims and defenses in this case.[5]

Likewise, Wetherbee fails to make a cogent argument as to why Plaintiffs' motive for filing the lawsuit against him, and not others, is relevant to any claim or defense in this lawsuit. He states, "Wetherbee believes he has a right to determine what the motive of the Plaintiffs and their co-counsel was in [not suing their] partner in politics, Jay McCleskey, but filing suit against Wetherbee." [Doc. 348] at 8. He may believe that he has such a right, but believing it does not make it so. Either he is liable for disclosing Plaintiffs' emails or he is not. The fact that Plaintiffs might have tried to hold someone else liable and chose not to is irrelevant to Plaintiffs' claims against Wetherbee or Wetherbee's defenses to those claims.

---

[5] Put another way, proof or disproof of corruption in the Martinez administration would not make any relevant fact in this lawsuit more or less probable. *See* Fed. R. Evid. 401.

An analogy might help.  If I run into my neighbor's fence and damage it, he could sue me for the cost of repairing the fence.  If he were to sue me, could I avoid liability by arguing, "Your wife ran into that fence before and you didn't sue her"?  No, because his decision not to sue his wife for damaging the fence has nothing to do with whether I am liable for damaging the fence.  The decisions of whether to bring a lawsuit, and whom to sue, are tactical decisions made by a plaintiff and her attorney.  There are myriad reasons why a plaintiff might choose to sue one person and not another:

- One person may have liability insurance or "deep pockets," and the other person may be judgment-proof;
- Plaintiff's attorney may not want to incur the cost of suing two defendants;
- One person may be seen as someone who would not make a good witness, whereas the other person may be seen as highly sympathetic;
- The person not sued, or his attorney, may be known to be extremely aggressive litigators;
- The person not sued may have a highly-skilled lawyer whom the plaintiff's attorney is afraid to face in court;
- The plaintiff may have a relationship with one person and not the other, or may simply like one and dislike the other.

The list could go on and on.  But the bottom line is that the Plaintiffs in this case had the right to sue whomever they felt had injured them.  The fact that they also might have sued others is irrelevant, and the Magistrate Judge was correct in prohibiting the parties from conducting discovery on that "issue."  Neither Wetherbee nor any of the other Defendants who joined in his Objections has tendered any authority standing for the proposition that a plaintiff's motive in

filing a lawsuit is a proper subject of discovery,[6] and the Court is unaware of any such authority.[7] Accordingly, the Court cannot say that the Magistrate Judge erred in prohibiting the parties from conducting discovery into Plaintiffs' motives for filing the lawsuit.

Having reviewed Judge Vidmar's rulings, Wetherbee's Objections, and the applicable case law on the scope of discovery, the Court finds that Defendant Wetherbee has failed to show that Judge Vidmar's limits on the scope of discovery as expressed by at the January 11, 2016 hearing are clearly erroneous or contrary to law. *See* [Docs. 355, 323].

**IT IS THEREFORE ORDERED** that Defendant Bruce Wetherbee's . . . Objection[s] to Elements of Magistrate Judge Vidmar's Order Regarding Scope of Discovery [Doc. 348] are **OVERRULED**.

_____
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court is aware of Defendant Bregman's Objections [Doc. 350], in which he attempts to argue that evidence of a plaintiff's motive in bringing a lawsuit is relevant to her credibility. Bregman cites no authority in support of that novel proposition. In any event, the Court finds the argument unpersuasive. Likewise, the Court rejects Bregman's argument that Fed. R. Evid. 404(b) somehow makes Plaintiffs' motives in bringing the lawsuit relevant.

[7] The sole exception would be where there is a counterclaim for malicious abuse of process. However, there is no such counterclaim in this lawsuit.