# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CRYSTAL AMAYA, BRAD CATES,**
**BRIAN MOORE, and KIM RONQUILLO,**

    **Plaintiffs,**

**v.**                                  **No. 14-cv-0599 WJ/SMV**

**SAM BREGMAN, MICHAEL CORWIN,**
**JAMIE ESTRADA, ANISSA GALASSINI-FORD,**
**JASON LOERA, and BRUCE WETHERBEE,**

    **Defendants.**[1]

## ORDER ON DEFENDANT BREGMAN'S OBJECTIONS REGARDING DISCOVERY ON PLAINTIFFS' ACTUAL DAMAGES

THIS MATTER is before the Court on Defendant Bregman's Objections to Magistrate Judge's Ruling on Whether Defendants Can Conduct Discovery into Harm Suffered by Plaintiffs on January 11, 2016, [Doc. 342], filed January 25, 2016.  At a hearing on matters related to the scope of discovery on January 11, 2016, the Honorable Stephan M. Vidmar, United States Magistrate Judge, ruled that Defendants would not be permitted to conduct discovery into actual damages suffered by Plaintiffs.  [Doc. 355] Hrg. Tr. at 238:23–24.  Defendant Bregman objects. [Doc. 342].  Defendants Estrada, Corwin, and Wetherbee join the objections.  [Docs. 343, 344, 349].  Defendant Bregman filed an Errata on January 26, 2016.  [Doc. 345].  Plaintiffs filed a Memorandum in opposition to the objections on February 11, 2016.  [Doc. 370].  Having considered the briefing, record, and relevant law, and being otherwise fully informed and

---

[1] On March 23, 2015, the Court dismissed all claims against Defendant Anissa Galassini-Ford.  [Doc. 98]. Accordingly, Galassini-Ford is no longer a party to this action.  On April 14, 2015, the Clerk of Court entered default against Defendant Jason Loera.  [Doc. 110].

advised, the Court SUSTAINS the objections.   The disputed portion of Judge Vidmar's oral ruling is OVERRULED.   The remainder of his rulings from the January 11, 2016 hearing remain in effect.

## Discussion

If a defendant is found liable for a violation of the Electronic Communications Privacy Act ("ECPA"), "the court *may* assess as damages whichever is the greater of (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000."  18 U.S.C. § 2520(c)(2) (emphasis added).   Congress amended the statute in 1986, changing the operative verb in this subsection from "shall" to "may."   "Where the words of a later statute differ from those of a previous one on the same . . . subject, the Congress must have intended them to have a different meaning."  *Muscogee (Creek) Nation v. Hodel*, 851 F.2d 1439, 1444 (D.C. Cir. 1988).

Courts that have interpreted this provision of the ECPA since the 1986 amendment have found that Congress intended to endow district courts with discretion to abstain from awarding statutory damages in appropriate cases.   That is, if the plaintiff suffered no actual damages or the award of actual damages adequately compensated the plaintiff, the Court may decline to award statutory damages.  *See DirecTV, Inc. v. Brown*, 371 F.3d 814, 819 (11th Cir. 2004) (exercising discretion not to award statutory damages because actual damages fully compensated plaintiff and awarding large statutory damages "could easily be viewed as gratuitous"); *DirecTV, Inc. v. Barczewski*, 604 F.3d 1004, 1009 (7th Cir. 2010) ("We conclude that the district court has discretion not to award statutory damages under the statutory formula."); *Dorris v. Absher*, 179

F.3d 420, 429–30 (6th Cir. 1999) (the ECPA "gives the district courts discretion in deciding whether to assesses damages"); *Nalley v. Nalley,* 53 F.3d 649, 652 (4th Cir. 1995) ("Congress intended to confer upon district courts the discretion to decline to award damages in applying 18 U.S.C. § 2520(c)(2)."); *Dish Network L.L.C. v. Norris*, 3:11-CV-480-K, 2011 WL 3471532, at *2 (N.D. Tex. Aug. 4, 2011) ("Five circuit courts of appeals have considered the language in § 2520(c)(2), and all five have agreed the permissive 'may' used in the statutory provision gives a district judge discretion to award an amount of statutory damages.").

The Tenth Circuit has not yet construed this provision of the ECPA, but district courts within the Circuit have found that district judges have discretion to award damages. *See, e.g.*, *Walston v. United Parcel Serv., Inc.*, No. 2:07-cv-525-TS, 2009 WL 349837, at *1 (D. Utah Feb. 11, 2009) (unpublished) ("The Court . . . finds that the award of damages under Section 2520(c)(2) is discretionary."); *Castillo v. Hobbs Mun. Sch. Bd.*, No. 05-cv-1228 JC/CEG, at *1–2 n.1 (D.N.M. May 8, 2008) (unpublished), ECF No. 197 (After finding that Plaintiff did not submit sufficient evidence of actual damages, Court notes that had Plaintiff requested statutory damages, it "would have exercised [its] discretion under the Act to deny [them] in this case"); *DirecTV v. Kowalski*, No. 04-cv-0540 WJ/RHS, at *9 (D.N.M. July 1, 2005) (unpublished), ECF No. 15 ("Many courts have declined to award statutory damages for violations of 18 U.S.C § 2511(1)(a). . . . I find these authorities persuasive and decline to award statutory damages under Section 2520"). The Court finds these cases persuasive.

In determining whether to exercise their discretion to award plaintiffs statutory damages, courts look to whether the violation of the statute was *de minimis*. *See, e.g.*, *Goodspeed v. Harman*, 39 F. Supp. 2d 787, 791 (N.D. Tex. 1999) ("Most courts have declined to award

damages for *de minimis* violations of the wiretap statute.").  Courts differ in the precise method they use to determine if a violation was *de minimis* but uniformly take into consideration the extent of harm suffered by plaintiff as a result of the violation.  *See DirecTV, Inc. v. Rawlins*, 523 F.3d 318, 325 (4th Cir. 2008) (identifying "whether there was actual damage to the victim" as one factor that can help determine if the court should award damages); *Barczewski*, 604 F.3d 1004, 1010 ("One economically sound way to determine a penalty is to divide the harm done by the probability of apprehension.");  *Walston*, 2009 WL 349837, at *2 ("Courts consider a number of factors in determining whether to award damages for a violation of the Wiretap Act [including] whether the interceptions resulted in actual damages to the plaintiff"); *DirecTV v. Griffin*, 290 F. Supp. 2d 1340, 1348 (M.D. Fla. 2003) (same).

Here, Plaintiffs do not claim actual damages.  [Doc. 370] at 1 ("At no time have Plaintiffs sought to recover actual damages.");  *see also* Plaintiff's Amended Complaint [Doc. 22] (claiming statutory and punitive damages, but not actual damages).  However, it appears that Plaintiffs intend to assert that they were harmed by Defendants' actions.  [Doc. 370] at 2.  Fed. R. Civ. P. 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case."  *Anaya v. CBS Broad., Inc*., 251 F.R.D. 645, 649 (D.N.M. 2007) (alteration in original) (internal quotation marks omitted).  Because the issue of whether Plaintiffs were harmed could factor into a determination of whether Plaintiffs should be awarded statutory damages (which they *do* claim), Defendant Bregman's objections are sustained.  He, along with the other Defendants, will be permitted to conduct discovery into the harm suffered by Plaintiffs.

4

### Conclusion

The Court understands that Judge Vidmar intends to hold a second Rule 16 Scheduling Conference after the Court has ruled on all of Defendants' objections [Docs. 341, 342, 248, 350]. Parties should be prepared to discuss the proper bounds of discovery into the harm suffered by Plaintiffs at that Conference.

**IT IS THEREFORE ORDERED** that Defendant Bregman's Objections to Magistrate Judge's Ruling on Whether Defendants Can Conduct Discovery into Harm Suffered by Plaintiffs on January 11, 2016, [Doc. 342] are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the oral preclusion of discovery into Plaintiffs' actual damages, [Doc. 355] Hrg. Tr. at 238:23–24, is **OVERRULED**.  Otherwise, the rulings from the January 11, 2016 hearing remain in effect.

_____

**UNITED STATES DISTRICT JUDGE**