## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CRYSTAL AMAYA, BRAD CATES,**
**BRIAN MOORE, and KIM RONQUILLO,**

     **Plaintiffs,**

**v.**                                                            **No. 14-cv-0599 WJ/SMV**

**SAM BREGMAN, MICHAEL CORWIN,**
**JAMIE ESTRADA, ANISSA GALASSINI-FORD,**
**JASON LOERA, and BRUCE WETHERBEE,**

     **Defendants.[1]**

### AMENDED SCHEDULING ORDER

THIS MATTER is before the Court on a second Rule 16 scheduling conference, held on March 31, 2016.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a **"complex" (240-day)** track classification.

The parties and Anissa Ford must be deposed before non-parties. Plaintiffs must be deposed before Defendants unless the parties agree otherwise. Depositions of non-parties may begin after **August 12, 2016**, or after completion of the depositions of the parties and Ms. Ford, whichever is earlier, or upon agreement of the parties. If the parties are unable to agree on dates for depositions, they should notify the Court.

---

[1] On March 23, 2015, the Court dismissed all claims against Defendant Anissa Ford. [Doc. 98]. Accordingly, Ford is no longer a party to this action. On April 14, 2015, the Clerk of Court entered default against Defendant Jason Loera. [Doc. 110].

Should a party wish to depose an individual listed in the Court's Order Regarding the Scope of Discovery [Doc. 323], he/she must first file a motion establishing that good cause exists to believe that the individual has information relevant to the claims and defenses in this case. The motion should contain a short statement explaining why he/she wants to depose the individual. If a party files a motion (which he/she should only do after meeting and conferring with opposing counsel), the Court will set an abbreviated briefing schedule. **A response will be due in 5 working days. A reply will be within 3 working days of response. No additional days will be added for service.** Alternatively, the parties may file a stipulated notice if they are able to agree on the deposition of such an individual and the scope of the questioning.

Defendant Bregman may refile his motion for summary judgment beginning on **August 19, 2016.** *See* [Doc. 157].

The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b).[2] Plaintiff(s) shall identify to all parties in writing any expert witness to be used by Plaintiff(s) at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C)[3] no later than **August 19, 2016.** All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert

---

[2] *See also Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008).

[3] Summary disclosures are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp*., 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *Blodgett*, 2008 WL 1944011, at *5 ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").

reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C) no later than **September 23, 2016.** Rebuttal experts disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) shall be disclosed within 30 days after the other party's disclosure.

The termination date for discovery is **November 28, 2016**, and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. The Court will not limit the number of requests for admission served by each party at this time. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery shall be filed with the Court and served on opposing parties by **December 19, 2016**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by **December 29, 2016**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed to file a consolidated final Pretrial Order as follows:  Plaintiff(s) to Defendant(s) on or before **February 13, 2017**; Defendant(s) to Court on or before **February 27, 2017.**

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than 30 days prior to the time set for trial.  Any exceptions thereto must be upon order of the Court for good cause shown.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

4