## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CRYSTAL AMAYA, BRAD CATES,
BRIAN MOORE, and KIM RONQUILLO,

    Plaintiffs,

v.                                                   No. 14-cv-0599 WJ/SMV

SAM BREGMAN, MICHAEL CORWIN,
JAMIE ESTRADA, ANISSA GALASSINI-FORD,
JASON LOERA, and BRUCE WETHERBEE,

    Defendants.[1]

**<u>ORDER GRANTING PLAINTIFFS' OPPOSED MOTION FOR PROTECTIVE ORDER</u>**

THIS MATTER is before the Court on Plaintiffs' Opposed Motion for Protective Order Re May 10, 2016 Deposition of Jason Loera Unilaterally Noticed by Defendant Sam Bregman Without Conferral and Request that this Motion be Expedited and Heard at or Before the May 9, 2016 Hearing [Doc. 465], filed May 3, 2016. Defendant Bregman filed a response on May 5, 2016. [Doc. 467]. Defendants Estrada, Wetherbee, and Corwin have joined in the response [Docs. 468, 469, 470]. Having reviewed the relevant briefing, argument, and law and being otherwise fully advised in the premises, the Court finds that the Motion is well-taken and should be granted.

Defendant Bregman seeks to depose Defendant Loera. The deposition is scheduled for May 10, 2016, in Los Angeles, California. [Doc. 465-4] at 10. Defendant Loera is a crucial (perhaps the most crucial) witness in the case. Because will soon be incarcerated for an

---

[1] On March 23, 2015, the Court dismissed all claims against Defendant Anissa Galassini-Ford. [Doc. 98]. Accordingly, Galassini-Ford is no longer a party to this action. On April 14, 2015, the Clerk of Court entered default against Defendant Jason Loera. [Doc. 110].

unrelated crime, he may very well not be available to testify at trial. Thus, his deposition may be used as his trial testimony. He has provided a Declaration in which he implicates not only the current Defendants, but also Anissa Ford, who was dismissed as a defendant in this case on March 23, 2015. [Doc. 98]. Plaintiffs have moved to reinstate Ms. Ford as a defendant. [Doc. 415]. The Honorable William P. Johnson, United States District Judge, has scheduled a hearing on that motion for May 12, 2016, two days after the date on which Defendant Loera's deposition is scheduled to take place. [Doc. 428]. Counsel for Ms. Ford has apparently stated that if Ms. Ford is brought back into the lawsuit, she will not waive her right to re-depose Defendant Loera. [Doc. 465-6] at 1.

Rule 1 of the Federal Rules of Civil Procedure mandates that all the Rules, including those governing discovery, "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." To allow the Loera deposition to proceed before Judge Johnson rules on the Plaintiffs' Motion for Reconsideration would risk Defendant Loera being deposed a second time, at great expense to all the parties. Moreover, if Ms. Ford were to be brought back into the lawsuit, and Defendant Loera were to be deposed twice (once before she is brought in and a second time after she is reinstated), the Court can anticipate issues arising regarding the admissibility of testimony from the first deposition. Taking that into consideration, as well as the fact that Defendant Loera is a central figure in the lawsuit whose testimony will be critical at trial, the Court finds that it would not be in the interest of "the just, speedy, and inexpensive determination of [this action]" to allow his deposition to go forward on May 10, 2016. Fed. R. Civ. P. 1.

Plaintiffs' Motion for Protective Order [Doc. 465] is therefore **GRANTED**, and the deposition of Defendant Loera, currently scheduled for May 10, 2016, is hereby **VACATED**. The parties must be prepared to discuss the rescheduling of the deposition at the hearing on May 9, 2016.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**