**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CRYSTAL AMAYA, BRAD CATES,
BRIAN MOORE, and KIM RONQUILLO,

    Plaintiffs,

v.  No. 14-cv-0599 WJ/SMV

SAM BREGMAN, MICHAEL CORWIN,
JAMIE ESTRADA, ANISSA GALASSINI-FORD,
JASON LOERA, and BRUCE WETHERBEE,

    Defendants.[1]

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BREGMAN'S MOTION TO COMPEL AND COMPELLING PLAINTIFFS TO PRODUCE AGREEMENT WITH DEFENDANT LOERA**

THIS MATTER is before the Court on Defendant Bregman's Motion to Compel Discovery ("Motion") [Doc. 377], filed February 19, 2016. Defendant Bregman filed a Notice of Errata [Doc. 434] on March 13, 2016, that contained two additional exhibits. [Docs. 434-1, 434-2]. Plaintiffs responded on April 15, 2016. [Doc. 436]. Defendant Bregman replied on April 29, 2016. [Doc. 456]. The Court heard oral argument on May 9, 2016, has reviewed the relevant documents and law, and is otherwise fully advised in the premises. For the reasons stated on the record at the hearing, Defendant Bregman's Motion will be granted in part and denied in part. Additionally, Plaintiffs will be compelled to produce their agreement with Defendant Loera regarding his default.

---

[1] On March 23, 2015, the Court dismissed all claims against Defendant Anissa Galassini-Ford. [Doc. 98]. Accordingly, Galassini-Ford is no longer a party to this action. On April 14, 2015, the Clerk of Court entered default against Defendant Jason Loera. [Doc. 110].

## Discussion

Plaintiffs are required to take the following actions with regard to Defendant Bregman's first and second sets of discovery requests.

### First Set of Discovery Requests

| Request for Admission | Action required by Plaintiffs |
|---|---|
| 1 –122 | None. |

| Interrogatory | Action required by Plaintiffs |
|---|---|
| 1 | None. |
| 2 | None. |

| Request for Production | Action required by Plaintiffs |
|---|---|
| 1 | None. |

### Second Set of Discovery Requests

| Request for Admission | Action required by Plaintiffs |
|---|---|
| 1–6 | None. |

| Interrogatory | Action required by Plaintiffs |
|---|---|
| 1 | If Plaintiffs have not provided all of the principal and/or material facts which support the contention, they shall serve a supplemental answer on Defendant Bregman by **May 16, 2016**. |
| 2 | None. |
| 3 | None. |
| 4 | If Plaintiffs have not provided all of the principal and/or material facts which support the contention, they shall serve a supplemental answer on Defendant Bregman by **May 16, 2016**. |
| 5 | If Plaintiffs have not provided all of the principal and/or material facts which support the contention, they shall serve a supplemental answer on Defendant Bregman by **May 16, 2016**. |
| 6 | If Plaintiffs have not provided all of the principal and/or material facts which support the contention, they shall serve a supplemental answer on Defendant Bregman by **May 16, 2016**. |

| 7 | If Defendant Loera has provided any documents to Plaintiffs' counsel that have not already been produced in discovery, then Plaintiffs shall serve a supplemental answer to Interrogatory #7 by **May 16, 2016.** |
| --- | --- |
|   | Plaintiffs shall submit unredacted, Bates-stamped copies of the disputed documents to the Court by **May 16, 2016**. The Court will review them in camera to determine if they are relevant to any material issue in this lawsuit. |
| 8 | If Plaintiffs have not provided all of the principal and/or material facts which support the contention, they shall serve a supplemental answer on Defendant Bregman by **May 16, 2016**. |

| **Request for Production** | **Action required by Plaintiffs** |
| --- | --- |
| 1 | If Defendant Loera has produced to Plaintiffs' counsel any documents that have not been produced through discovery, those documents must be produced, consistent with the Court's prior rulings, **no later than May 16, 2016.** |
| 2 | By **May 16, 2016,** Plaintiffs shall serve a supplemental response stating whether they have withheld any responsive non-privileged, non-work product document that has not already been produced in discovery. If they have withheld such documents, they must produce copies of the documents with the supplemental response. |
| 3 | By **May 16, 2016,** Plaintiffs shall serve a supplemental response stating whether they have withheld any responsive non-privileged, non-work product document that has not already been produced in discovery. If they have withheld such documents, they must produce copies of the documents with the supplemental response. |
| 4 | None. |
| 5 | None. |

Finally, Plaintiffs are ordered to produce a copy of the agreement regarding Defendant Loera's default that was referenced at the hearing to all Defendants by **May 13, 2016**.

Because the Motion is granted in part and denied in part, the Court declines to apportion expenses. *See* Fed. R. Civ. P. 37(a)(5)(C). Each side will bear its own fees and costs.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant Bregman's Motion to Compel Discovery [Doc. 377] is **GRANTED in part and DENIED in part.**

IT IS SO ORDERED.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**