# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

CRYSTAL AMAYA, BRAD CATES,
BRIAN MOORE, and KIM RONQUILLO,

     Plaintiffs,

v.                                                              No. 14-cv-0599 WJ/SMV

SAM BREGMAN, MICHAEL CORWIN,
JAMIE ESTRADA, ANISSA GALASSINI-FORD,
JASON LOERA, and BRUCE WETHERBEE,

     Defendants.


## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S JOINT MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AS TO COUNT TWO AGAINST ALL DEFENDANTS FOR ENDEAVORING TO USE AND ENDEAVORING TO DISCLOSE ELECTRONIC COMMUNICATIONS

     THIS MATTER comes before the Court upon a Joint Motion for Partial Judgment on the Pleadings as to Count Two Against All Defendants for Endeavoring to Use and Endeavoring to Disclose Electronic Communications as Alleged in Plaintiffs' First Amended Complaint for Violations of the Federal Wiretap Act and Conspiracy[1] to Violate the Federal Wiretap Act, filed by Defendant Sam Bregman ("Defendant" for purposes of this motion) on March 10, 2016 (**Doc. 403**). Defendant Bruce Wetherbee, who is proceeding pro se, joins in the instant motion (**Doc. 403**, at 2). Having reviewed the parties' briefs and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, GRANTED.

---

[1] Plaintiffs' conspiracy claims in Count III of Plaintiffs' Complaint for Violations of the Federal Wiretap Act, the Stored Communications Act, and Conspiracy to Violate the Federal Wiretap Act have been dismissed with prejudice. *See* Doc. 98 (Mem. Opin. & Order) at 9.

## BACKGROUND

Plaintiffs in this case allege that Defendants illegally and surreptitiously hijacked and intercepted their private and confidential e-mail communications.  Count Two of the First Amended Complaint alleges violations of two criminal sections of the Electronic Communications Privacy Act ("ECPA," referred to in pleadings also as the "Federal Wiretap Act"), 18 U.S.C. § 2511(1)(c) and 18 U.S.C. § 2511(d) (2008).  Defendant contends that Count Two seeks to impose civil liability on Mr. Bregman and other Defendants for conduct which is proscribed in the *criminal* sections of the ECPA but not proscribed in the civil liability section found at 18 U.S.C. § 2520(a).

## I.     Legal Standard

Rule 12(h)(2) of the Federal Rules of Civil Procedure allows parties to raise certain defenses, including the failure to state a claim upon which relief may be granted, in any pleading allowed under Rule 7(a), by a motion for judgment on the pleadings under Rule 12(c), or at trial.[2] *See Albers v. Bd. Of Cty. Comm'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 701 (10th Cir. 2014). A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6). *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009).

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its

---

[2]   Rule 7(a) lists the pleadings that may be filed in a lawsuit and further describes the form and substance of motions which may be filed.

face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562.  Although decided within an antitrust context, *Twombly* stated the pleadings standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature.  *Erikson v. Pawnee Cnty. Bd. of Cty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).  Judgment on the pleadings should not be granted "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).

## II.    Relevant Statutory Provisions

Section 2511(1)(c) states that a person who "*intentionally discloses, or endeavors to disclose*, to any other person the contents of any wire, oral or electronic communication," knowing that the information was obtained through interception violates the provision and is subject to suit as provided under the statute.

Section 2511(1)(d) states that a person "*who intentionally uses, or endeavors to use*, the contents of any wire, oral, or electronic communication," knowing or having reason to know that

the information was obtained through interception violates that provision and is subject to suit. 18 U.S.C. § 2511(1) (d) (emphasis added).  The statute also prohibits intentional interception, or endeavoring to intercept.  *See* 18 U.S.C. § 2511(1)(a).

The civil liability provision of the ECPA, § 2520(a), provides for recovery of civil damages for wire and electronic communications interception and states that: "[A]ny person whose wire, oral or electronic communication *is intercepted, disclosed, or intentionally used* in violation of this chapter may in a civil action recover from the person or entity . . . which engaged in that violation."

## DISCUSSION

Defendant contends that Plaintiffs cannot prove entitlement to relief under any set of facts as to their claims against Mr. Bregman and other Defendants for *endeavoring to use* or *endeavoring to disclose* their emails, and therefore they are entitled to dismissal of those parts of Count Two alleging violations of 18 U.S.C § 2511(a)(c) and 18 U.S.C. § 2511(d). Doc. 403 at 7. Plaintiffs claim that they have sufficiently alleged claims brought under 18 U.S.C. § 2511 because they also allege that Defendants intentionally intercepted, used and/or disclosed these communications.  Plaintiffs further contend that because Count Two sufficiently alleges a basis for recovery under § 2520 for use and disclosure, the additional determination as to whether § 2520 allows civil recovery of damages for *any* violation of § 2511(1) (including  "endeavor" conduct) is unnecessary.

## I.    Allegations in Count Two

Defendants claim that Count Two seeks to impose civil liability against Mr. Bregman and the other Defendants for allegedly *endeavoring to use and endeavoring to disclose* electronic communications in the form of email communications sent to or sent from Plaintiffs and that this

4

conduct, while prohibited in the criminal provisions of the ECPA, is not conduct that permits

civil recovery of damages under § 2520.  Doc. 403 at 2.  Bregman seeks dismissal of Plaintiffs'

claims in Count Two to the extent they allege liability for endeavoring to use or endeavoring to

disclose electronic communications that were intercepted in violation of the ECPA.[3]

     Plaintiffs claim that Defendant's motion can be denied on the ground that they have pled

*both* "endeavor" conduct as well as "use" and "disclosure."  (Doc. 418 at 4: "Because Plaintiffs

have not merely pled that Defendants endeavored to use or endeavored to disclose Plaintiffs'

electronic communications but have also alleged that Defendants intentionally intercepted, used

and/or disclosed these communications, Plaintiffs have sufficiently stated a claim").  However,

under a plain reading of the Amended Complaint, it is not so clear that Plaintiffs have in fact

alleged a claim based on "endeavor to use" or "endeavor to disclose."  Plaintiffs style Count Two

as alleging a violation of 18 U.S.C. § 2520: "Against All Defendants for Disclosure and/or Use."

Doc. 22 at 16.  Plaintiffs specifically describe the alleged basis for this claim by asserting that

"Defendants Loera, Bregman, Corwin, Wetherbee, and Galassini-Ford intentionally disclosed

and/or used Plaintiffs' stolen electronic communications."  Doc. 22, ¶79.  Nowhere in Count II is

it expressly alleged that these Defendants "endeavored" to use or disclose Plaintiffs'

communications. However, the Court's ruling on this motion eliminates the need to determine

whether "endeavor" conduct has indeed been alleged.

     Plaintiffs cite to a few cases in which those courts did not dismiss the complaint because

those plaintiffs had alleged actual use of a pirating device as well as possession.  *See DirecTV v.*

---

[3]  At the same time, Bregman also appears to seek wholesale dismissal of Plaintiffs' claims in Count Two that are brought under § 2511(1)(c) and § 2511(d).  *See* Doc. 403 at 7 ("Defendant Bregman and the other Defendants are entitled to dismissal of those parts of Count Two alleging violations of 18 U .S.C. § 2511(1)(c) and 18 U.S.C. § 2511(d)"). This request would have to be rejected, since it's clear that § 2520 does allow civil recovery for damages for intentional use or disclosure under those subsections, and Plaintiffs have clearly alleged intentional use or disclosure by Defendants.  Doc. 22, ¶79.

*Dillon*, No. 03 C 8578, 2004 U.S. Dist. LEXIS 7229, at *3 (N.D. Ill. Apr. 26, 2004); *DirecTV v.*

*Kitzmiller*, No. 03-3296, 2004 U.S. Dist. LEXIS 5263, at *10 (E.D. Pa. Mar. 31, 2004).  These

cases never reached the question of whether DirecTV could recover damages under 18 U.S.C. §

2520 against a defendant who merely possessed a pirating device, and as a result, these cases

never resolved the issue of whether § 2520 authorizes civil recovery of damages for

"endeavoring" to use or disclose communications. The Court agrees with Defendant that this is a

question of law that should be decided early in this case (which already has approximately 475

docket entries to date) before discovery is near completion.  Additionally, this issue should be

resolved now because a plaintiff alleging a claim under which he or she cannot recover as a

matter of law cannot satisfy the requirements under *Iqbal/Twombly*.

## II.     Civil Liability Under 18 U.S.C. § 2520

Section 2520(a) provides for recovery of civil damages for wire and electronic

communications interception and states that: "[A]ny person whose wire, oral or electronic

communication *is intercepted, disclosed, or intentionally used* in violation of this chapter may in

a civil action recover from the person or entity . . . which engaged in that violation such relief as

may be appropriate."  The "chapter" referred to in the provision is Chapter 119, "Wire and

Electronic Communications Interception and Interception of Oral Communications," or the

ECPA.

### A.     Statutory Construction of § 2520(a)

The question here is whether the civil liability provision at 18 U.S.C. § 2520 provides for

recovery against those who "endeavor" to use or "endeavor" to disclose oral, wire or electronic

communications in violation of the ECPA.  Because the dispute here concerns the meaning of a

statute, statutory interpretation is a good place to start, and statutory interpretation begins with

the language employed by Congress.  *See Wright v. Fed. Bureau of Prisons*, 451 F.3d 1231, 1234

(10th Cir. 2006); *Robinson v. Shell Oil Co*., 519 U.S. 337, 340 (1997) (determining that a court

must always begin with statute's plain language).  If that language is clear, then a court's analysis

begins and ends with the language employed on the face of the statute and no inquiry into

congressional intent is necessary.  *See Hain v. Mullin*, 436 F.3d 1168, 1171 (10th Cir. 2006);

*United States v. Ron Pair Enters., Inc*., 489 U.S. 235, 240 (1989) (accord).  A statute's plain

meaning accurately expresses legislative purpose.  *See Southern Ute Indian Tribe v. Amoco

Production Co*., 874 F. Supp. 1142 (D. Colo. 1995).

Defendant also views the issue as one of standing. The case or controversy limitation for

federal jurisdiction requires that a plaintiff have standing.  *See Lujan v. Defenders of Wildlife*,

504 U.S. 555, 559–61 (1992) ("*Defenders of Wildlife*"); *Allen v. Wright*, 468 U.S. 737, 751

(1984).  The Supreme Court's standing jurisprudence contains two strands: Article III standing,

which enforces the Constitution's case-or-controversy requirement, and prudential standing

which embodies judicially self-imposed limits on the exercise of federal jurisdiction.  *See The

Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) (quotations omitted).

To have Article III standing, a plaintiff must show that the conduct of which he complains has

caused him to suffer an "injury in fact" that a favorable judgment will redress.  *See id*.  An

"injury in fact" is an invasion of a legally protected interest that is concrete, particularized, and

actual or imminent, not conjectural or hypothetical.  *See Defenders of Wildlife*, 504 U.S. at 559–

61.  In addition, prudential considerations of standing require that a plaintiff "must assert his own

legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third

parties."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  Another requirement for prudential

standing is that a plaintiff's grievance must arguably fall within the zone of interests protected or

regulated by the statutory provision or constitutional guarantee invoked in the suit.  *See Bennett v. Spear*, 520 U.S. 154, 162 (1997).

The word "endeavor" is not defined in the ECPA, but Defendant suggests that "endeavor" is synonymous with "attempt," and the Court finds this to be a workable definition. *See In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001); *Black's Law Dictionary* 607 (9th ed. 2011) (defining "endeavor" as a "systematic or continuous effort to attain some goal. . . .").  Plaintiffs agree that one cannot recover under § 2520 if one is merely the subject of an unsuccessful effort or endeavor to intercept, use or disclose.  Doc. 418 at 10. This concession is consistent with Defendant's observation that this individual would have no standing because there is no injury-in-fact since an injury from such an attempt would not be real or actual, and any such harm resulting from such an attempt, without more, would be merely conjectural.  Further, under *Iqbal/Twombly*, no plausible claim could be asserted where a plaintiff who has suffered interception, use, or disclosure of his communications can assert a viable claim against a defendant who has merely *attempted* to intercept, use, or disclose those communications on the basis that  *another* defendant allegedly engaged in interception, use, or disclosure.  *See Iqbal*, 556 U.S. at 678 (holding that a plaintiff must plead factual content that allows the court to draw the reasonable inference that defendant is liable for misconduct alleged).

Plaintiffs contend that the phrase "in violation of this chapter" includes the full range of conduct described in 18 U.S.C. § 2511(1)(a), (c) and (d), and is not limited to interception, use, or disclosure.  Plaintiffs acknowledge that a potential plaintiff must actually be the victim of a use or disclosure of his wire, oral or electronic communications, yet at the same time they insist that a plaintiff can sue a defendant  who merely attempts—or endeavors—to use or disclose. The plain language of § 2520 does not support Plaintiffs' interpretation of the statute.  Courts

8

must give the words of a statute "their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import." *Williams v. Taylor*, 529 U.S. 420, 431 (2000) (citation and internal quotation marks omitted).  This interpretive effort also follows the "cardinal rule that statutory language must be read in context [because] a phrase gathers meaning from the words around it." *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 596 (2004) (citation and internal quotation marks omitted), *cited in DirecTV Inc. v. Nicholas*, 403 F.3d 223, 225 (4th Cir. 2005).

Using these rules of statutory construction, it is clear that the phrase, "in violation of this chapter" in § 2520(a) refers back to the short list of three specific types of violations immediately preceding the phrase, namely: interception, disclosure, or intentional use.  Also, language in the sentence following that language and describing a potential defendant who has "engaged in *that* violation" plainly refers back to whichever one of those three violations has been suffered by a plaintiff.  § 2520(a) (emphasis added).  Any other reading would take the language out of context.  *See DirecTV v. Treworgy*, 373 F.3d 1124, 1126-27 (11th Cir. 2004) ("[A]s a matter of grammar and sentence structure, the phrase 'that violation' refers to the interception, disclosure, or intentional use of communications mentioned earlier in the sentence, *and not to the possession of prohibited devices*") (citing *DirecTV, Inc. v. Bertram*, 296 F. Supp. 2d 1021, 1024 (D. Minn. 2003) (emphasis in original).

### 1.    *Case Law Presented by Defendant*

Defendant offers case law supporting the statutory construction of § 2520 limits civil liability only against those who *actually* intercept, disclose, or intentionally use electronic communications in violation of the ECPA.  Defendant relies largely on *DirecTV, Inc. v. Regall*, in which the United States District Court for the Eastern District of Wisconsin held that § 2520

9

authorizes relief only against persons who intercept, disclose, or intentionally use communications and not against those who violate other sections of the ECPA. *See* 327 F. Supp. 2d 986 (E.D. Wis. 2004). The *Regall* court came to this conclusion after reviewing the decisions of most other courts which found that the plain language of § 2520(a) permits suits only against defendants who unlawfully intercept, disclose or use electronic communications, and not against persons who "merely possess" pirate access device allowing unauthorized viewing of DirecTV program transmissions. The plaintiffs in *Regall* argued for the same expanded construction of § 2520 as Plaintiffs want in this case, but the *Regall* court disagreed with that interpretation:

> Plaintiff's proposed construction of § 2520(a) is convoluted and unpersuasive. Plaintiff argues that as long as it alleges that its communication has been intercepted, disclosed or intentionally used, it may sue a defendant for any violation of any section of the Wiretap Act regardless of whether the defendant actually committed the interception, disclosure or intentional use that enabled the plaintiff to sue. This construction is inconsistent with a natural reading of the language of the statute.

*Regall*, 327 F. Supp. 2d at 989. *Regall* noted that only three circuit courts have addressed whether § 2520(a) provides a civil remedy for violations of other sections of the ECPA in addition to interception, use and disclosure—the Fourth, Fifth and Eleventh Circuits—and all three have held in the negative. These cases are worth some discussion. The court in *Regall* relied on the Fifth Circuit's analysis of § 2520(a) in *Peavy v. WFAA-TV, Inc.* to support its conclusion as follows:

> Section 2520(a) authorizes relief only against persons who intercept, disclose or intentionally use communications and not against those who violate other sections of the Wiretap Act, including § 2511(1)(a). As the Fifth Circuit stated in *Peavy*, § 2520(a) does not authorize a civil action against a person who procures another to intercept a communication because "there is *no* mention of 'procures'" in the statute. 221 F.3d at 169 (emphasis in original). I would add only that in § 2520(a) there is also no mention of "endeavors to intercept."[4]

---

[4] Section 2511(1)(a) states that any person who "intentionally intercepts, *endeavors* to intercept or *procures* any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication, shall be punished or subject to suit under the statute. § 2511(1)(a) (emphasis added).

*Regall*, 327 F. Supp. 2d at 989 (quoting *Peavy*, 221 F.3d 158, 168–69 (5th Cir. 2000)).

In *Flowers v. Tandy*, another case discussed in the *Regall* decision, the Fourth Circuit addressed whether an electronics company could be liable for selling a telephone recording control device to a husband who then used the device to record his wife's telephone calls. *See* 773 F.2d 585, 589 (4th Cir. 1985). After the device was discovered, the wife brought suit against her husband and Tandy Corporation, alleging that Tandy had violated 18 U.S.C. § 2511 by procuring the wiretapping or alternatively by aiding and abetting Flowers and Graham. The jury found Tandy liable for damages to plaintiffs but the Fourth Circuit reversed, holding that Tandy was not liable under § 2520 because the statute does not provide a civil remedy against one who merely possesses an intercepting device. The Fourth Circuit rejected plaintiffs' argument that § 2520 expressly provides a private cause of actions for violations of the criminal proscriptions of 18 U.S.C. § 2512, which prohibits the manufacture, distribution, possession and advertising of wire, oral, or electronic communication intercepting devices. The court noted that the plain language of § 2520 contained none of the offenses listed in § 2512, whereas it "tracks very closely" the criminal offenses set out in § 2511, but is limited to interception, use, and disclosure. *Id.* at 588–89. The court concluded that "the express language of § 2520 is therefore not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511." *Id.* at 589.

As the *Regall* court noted, the most recent circuit to weigh in on the issue of whether § 2520 includes "endeavor" conduct is the Eleventh Circuit in *Direct TV v. Treworgy*. The issue was whether plaintiff DirecTV had a private right of action against defendant Mike Treworgy for his alleged possession of devices used to "intercept satellite transmissions in violation of 18

11

U.S.C. § 2512(1)(b)." The Eleventh Circuit held that § 2520 did not authorize an action against someone who merely possessed a pirate access device, stating that the plain language of § 2520(a) defined *both* who can be a plaintiff as well as who can be a defendant in a suit brought under the statute:

> The plain language of these provisions addresses two distinct concerns. Section 2520(a) provides a civil remedy for the victim of the theft of an electronic communication.  Section 2512(1)(b) provides a criminal punishment for those involved in trafficking devices used for the theft of electronic communications without need of proof that any person has yet been injured by that illegal commerce.  Because it creates a civil remedy, section 2520(a) properly defines both the victims for whose benefit the remedy exists and the offenders for whom liability is owed. The plaintiff is "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. § 2520(a). The defendant is "the person or entity which engaged in that violation." . . .
>
> The phrase "which [who] engaged *in that violation*" makes apparent the intent of Congress to limit liability to a certain class of defendants. 18 U.S.C. § 2520(a) (emphasis added). Congress chose to confine private civil actions to defendants who had "intercepted, disclosed, or intentionally used [a communication] in violation of . . .  chapter [119 of title 18.]" . . .  As explained by one district court, "as a matter of grammar and sentence structure, the phrase 'that violation' refers to the interception, disclosure, or intentional use of communications mentioned earlier in the sentence, *and not to the possession of prohibited devices*." *DirecTV, Inc. v. Bertram*, 296 F. Supp. 2d 1021, 1024 (D. Minn. 2003) (emphasis added).

*Treworgy*, 373 F.3d 1124, 1126–27 (11th Cir. 2004).  This same analysis applies when considering the conduct listed in § 2511(1) rather than § 2512.  Under that analysis, the conclusion is that § 2520 does not provide a civil remedy for "endeavor" conduct because the phrase "engaged in that violation" refers only to violations of interception, use, and disclosure, and not to "endeavor" conduct.  What is especially interesting is that in *Treworgy*, DirecTV argued that under § 2520(a), a plaintiff can sue for any act "in violation of" the ECPA as long as the plaintiff pleads that its communications have been intercepted, disclosed, or intentionally used.  This is the mirror image of the argument espoused by Plaintiffs in this case.  The Eleventh

Circuit found that substantive constitutional flaws with that argument, just as this Court has found here.  In describing the constitutional issue, the *Treworgy* court stated:

> DTV [DirecTV] argues that the interception of its communications gives it "standing" to sue under section 2520(a), but DTV then argues that it is irrelevant whether the defendant committed an interception that gave rise to the plaintiff's standing to sue. DTV would have us read the language "that violation" to mean any violation of the Wiretap Act, not only the interceptions, disclosures, or intentional uses that define the plaintiff's right of action. This construction is also constitutionally problematic . . . it is difficult to understand how DTV could establish a "case" or "controversy," within the meaning of section 2 of Article III of the Constitution, which defines and limits the judicial power of federal courts, without an allegation that the wrongdoer against whom DTV seeks relief actually injured or directly threatened to injure DTV. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). Possession of a pirate access device alone, although a criminal offense, creates nothing more than conjectural or hypothetical harm to DTV.  *DirecTV, Inc. v. Amato*, 269 F. Supp. 2d 688, 691 (E.D. Va. 2003).  By adhering to the plain language of section 2520(a), we avoid, as we must, however, the constitutional problems that might arise in the construction of this statute. *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 787, 120 S. Ct. 1858, 1870, 146 L. Ed. 2d 836 (2000).

*Treworgy*, 373 F.3d 1124, 1127 (11th Cir. 2004).  In *Treworgy*, the Eleventh Circuit concluded that § 2520 did not authorize an action against one who merely possessed a pirate access device. While the instant case concerns "endeavor" conduct included in § 2511(1) rather than "possession" conduct which is listed in § 2512, the Court agrees with Defendant that there is no meaningful difference between a defendant who possesses a pirate device but does not use it, and a defendant who endeavors to disclose or use an intercepted electronic communication but never carries either action out.  In both scenarios, the plain language of the statute dictates the result. And in both scenarios, there is no injury-in-fact based on conduct which is either "endeavoring" or "possessing."

### 2. Case Law Presented by Plaintiffs

Plaintiffs attack Defendant's reliance on *Regall* because the majority position discussed in that decision stemmed from the Fourth Circuit's decision in *Flowers v. Tandy*.  Plaintiffs

argue that the *Flowers* decision has been recently rejected in favor of a finding that § 2520 does allow for recovery of civil damages against one who violates *any* provision of the ECPA, including "endeavor" conduct.  As an example of this reversal trend, Plaintiffs cite to *DirecTV v. Kitzmiller*, a case decided by the Eastern District of Pennsylvania four months before the *Regall* decision.  *See* No. 03-3296, 2004 U.S. Dist. LEXIS 5263, at *10 (E.D. Pa Mar. 31, 2004).  The court in *Kitzmiller* referred to a "newly developed majority view" that § 2520(a) does allow for the recovery of damages against one who possesses an intercepting device.  Relying on a decision from the District of New Jersey, the court noted that this newly-formed view follows the reasoning that § 2520(a) confers standing on plaintiffs, "rather than limits the potential class of defendants."  *Kitzmiller*, 2004 U.S. Dist. LEXIS 5263, at *13–14 (". . . if Congress had intended to exempt from civil liability those who violated § 2512, it would have specifically listed that exception in § 2520(a), along with the exception for § 2511(2)(a)(ii)") (citing *DirecTV, Inc. v. Dougherty*, 2003 U.S. Dist. LEXIS 23654 at *6–7 (D.N.J. Oct. 8, 2003)).  Despite its short discussion on this "newly developed" line of cases interpreting § 2520, the *Kitzmiller* court never actually reached the question of whether possession of a pirating device was enough for civil liability under § 2520 in that case, but the court allowed the complaint to survive because it alleged more than mere possession.

Plaintiffs offer other cases to argue that the *Regall* decision is incorrect because it relied on "outdated" precedent like *Flowers*.  Doc. 418 at 9.  One such case presented by Plaintiffs is *DirecTV, Inc. v. Bennett*, a Fifth Circuit case that asked whether § 2520(c)(1) allows damages for interception of signals that are "not scrambled or encrypted," where § 2520(c)(2) sets damages for "any other action under this section."  470 F.3d 565, 568 (5th Cir. 2006).[5]  However, the

---

[5]   Congress provided two methods of computing damages in order to limit damages for less serious offenders who intercept non-encrypted transmissions."  *See* § 2520(c)(1).  Violators who intercept encrypted transmissions are

*Bennett* case has nothing to do with the question of whether § 2520(a) includes "endeavor" civil liability because the language being interpreted in that case belongs to a different provision, § 2520(c), which addressed the computation of damages, and which already envisions that an "interception" has occurred.  Since there is no dispute here that § 2520(a) provides for civil recovery for an "interception" of communications, the *Bennett* case is not relevant.  Plaintiffs also rely on *DIRECTV, Inc. v. Pepe*, which does nothing to further Plaintiffs' cause.  *See* 431 F.3d 162, 164 (3rd Cir. 2005)  *Pepe* reversed the judgment of the federal district court in New Jersey that no private right of action exists under § 2520(a) for violations of § 2511(1)(1) where a defendant has, without authorization, intercepted a plaintiff's encrypted satellite television broadcast. The sole question in *Pepe* was whether a private right of action existed where an *interception* or pirating of encrypted satellite TV broadcasts occurred, and so *Pepe* cannot be read to suggest that a private right of action exists where a defendant has only *endeavored* to intercept.

Plaintiffs also refer to *DirecTV Inc., v. Nicholas*, 403 F.3d 223 (4th Cir. 2005) for the proposition that the ECPA statutes provide a cause of action to a victim of a § 2511(1) violation. The question addressed in this case was whether an individual victim of a § 2511(1) violation can bring a civil action against a § 2511(1) violator who was alleged to have intercepted DirecTV's encrypted transmissions.  The *Nicholas* court explained why § 2520 provided a private cause of action for certain "acts made criminal in § 2511" but not for conduct made criminal § 2512.  403 F.3d at 227.  In its analysis, the court rested on its earlier explanation given in its 1985 decision in *Flowers*, which found that "[t]he express language of § 2520 is . . . not susceptible to a construction which would provide a cause of action against one who

---

subject to more serious damages under § 2520(c)(2).  *See DirecTV Inc., v. Nicholas,* 403 F.3d 223, 227 (4th Cir. 2005).

manufacturers or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511." *Nicholas,* 403 F.3d at 227 (citing *Flowers,* 773 F.2d at 588–89).  In *Nicholas* as well as the other cases cited by Plaintiffs, there was no discussion concerning whether § 2511(1) permits recovery of civil damages for "endeavor" conduct.

These cases certainly do not constitute a new majority view holding that § 2520(a) permits civil recovery of damages against an individual who "endeavors" to use or disclose wire, oral or electronic communications.

B.      Effect of 1986 Amendment

Plaintiffs also challenge Defendant's construction of § 2520(a) based on the changes that were made to the provision with the 1986 amendments.  Immediately prior to the 1986 amendments, § 2520(a) provided in pertinent part:

> **(a)  In general**. – Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use such communications, and (2) be entitled to recover from any such person – [damages] . . . .

*See Flowers v. Tandy Corp*., 773 F.2d 585, 587 n. 2 (4th Cir. 1985).  In 1986, the civil liability provision set forth in 18 U.S.C. § 2520(a) was amended to provide in pertinent part:

> **(a)  In general**. – Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.

Plaintiffs observe that the pre-1986 version of the statute defined a potential defendant as a person "who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use such communications."  They view the post-amendment version of § 2520 as omitting language that "limits" the potential class of defendants, while continuing to define which individuals have standing to bring suit under the statute.  Under this interpretation, the current

version of § 2520 would allow individuals whose communications were intercepted, disclosed, or intentionally used, to sue defendants who allegedly violated *any* provision in the ECPA. Plaintiffs contend that the 1986 amendments broadened the class of potential defendants and that eliminating the "procure" language expands civil liability under § 2520 when viewed with other changes made in the amendment.  They argue that if the changes were meant to limit civil liability, Congress would have removed the *entire* phrase describing violative conduct, and not just the "procures" clause.  However, this reasoning is unnecessarily tortuous, since a deletion of the entire description of violative conduct would not have simply *limited* civil liability under § 2520, but would have the odd result of removing from the statute *any* description of who could be liable under the statute.  Plaintiffs choose to ignore the significance of the fact that Congress removed only certain language and that in removing only "procure" from the list of conduct on which liability can be based, the most obvious interpretation is that Congress intended to eliminate liability for *procurement* to intercept, use or disclose, without affecting liability for actually intercepting, using, or disclosing.

Plaintiffs also note that "procurer" has been defined as someone who violates the statute directly, based on a District of Connecticut case.  *See In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 132, 148 n. 2 (D. Conn. 2014).[6]  Based solely on that case, Plaintiffs contend that someone who "endeavors" should also be defined as someone who has violated the statute directly and that "endeavor" conduct should be considered along with interception, disclosure or use as a basis for civil liability under § 2520.  Doc. 418 at 17.  This conclusion defies logic.  Where Congress intentionally *removes* conduct which Plaintiffs claim is defined as a direct statutory violation, but

---

[6]  The court in *Trilegiant* stated that it "[did] not intend our definition of aider and abettor to cover a "procurer" as used in the statute. A procurer is not an aider and abettor but one who violates the statute directly."  11 F. Supp. 3d at 148.

then *leaves in* other conduct which is listed as direct statutory violations, then Congress has evinced the intent to remove that conduct as a basis for civil liability under that statute. *Brown v. Gardner*, 513 U.S. 115, 120 (1994) (holding that where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion).

Moreover, it is unlikely that the Tenth Circuit would agree with Plaintiffs' view of "procure" as a direct violation of the statute. In *Kirch v. Embarq Management Co*., the Tenth Circuit addressed whether a conspiracy charge for aiding and abetting a communications interception could proceed under § 2520. *See* 702 F.3d 1245, 1247 (10th Cir. 2012).[7]  The Tenth Circuit looked to the statute's legislative history and concluded that Congress' deletion of the "procures" clause in § 2520 closed the door to "[a]ny temptation to read the statute as imposing aider-and-abettor liability" and also noted that "almost all courts to address this issue have held that § 2520 does not impose civil liability on aiders or abettors." *Id.*  The Court mentions *Kirsch* here mainly to point out that if a "procurer" under the statute is similar to one who "endeavors" (as Plaintiffs themselves argue, *see* Doc. 418 at 17), then the Tenth Circuit would view "endeavor" conduct as closer to aiding and abetting rather than active conduct which directly violates § 2520.  In *Kirsch*, the Tenth Circuit found that § 2520 did not impose civil liability on aiders and abettors or conspirators, because aiding and abetting was not included in the language of the provision.  In its plain reading of § 2520, the Tenth Circuit found that "engag[ing] in *that violation*" meant conduct that was limited to interception, disclosure or intentional use:

> This language does not encompass aiders or abettors. The only persons liable are those who engaged in "that violation." *And the natural reading of "that violation" is the "intercept[ion], disclos[ure], or intentional[ ] use[ ] . . . in violation of [the statute]."* In other words, "the person or entity . . . which engaged in that

---

[7]  The Court addressed the same issue in this case, dismissing certain defendants from Count III which alleged conspiracy to violate the ECPA.  Doc. 98 at 8-9.

> violation" is the person or entity that "intercepted, disclosed, or intentionally used" the communication.

*Kirch*, 702 F.3d at 1246 (emphasis added).  Although the question in *Kirch* was whether conspiracy-type conduct could form the basis for civil liability in § 2520, the holding in *Kirch* is valid here as well.  Plaintiffs focus on Congress' removal of the "procuring" language in § 2520, but fail to pay attention to new language in the amended version of the statute which defines potential defendants.  The meaning of the phrase "that violation" is the real question here, and the Tenth Circuit has read that language to limit liability only to those who intercept, disclose, or intentionally use communications.

Plaintiffs nevertheless maintain that case law supports their position that the 1986 amendment expanded and clarified civil liability, listing over a page of district court opinions. Plaintiffs claim that these cases announce that § 2520 does not limit civil suits only against those individuals who intercept, disclose, or intentionally use a plaintiff's oral, wire, or electronic communication, but instead reaches an individual who violates *any* provision of the ECPA. However, Plaintiffs severely overstate what these cases say.  First, most of these cases summarily state that the ECPA imposes civil liability against anyone who violates § 2511, but there is no discussion of § 2520, much less any analysis or interpretation of the statutory language in § 2520.  Second, in most if not all of these cases, the defendants were alleged to have intercepted or intentionally used the plaintiffs' communications, and so none of these cases addressed the issue of whether "endeavor" conduct was a basis for civil liability. For example, the issue in *Doe v. GTE Corp*., 347 F.3d 655, 658 (7th Cir. 2003) was whether an internet service provider was liable to athletes for customer's use of the service to display images of athletes who were unknowingly recorded unclothed while in a locker room setting.  The case made no mention of "endeavor" conduct within the context of § 2520.  In *Sunbelt Rentals, Inc. v. Victor*,

19

43 F. Supp. 3d 1026, 1030 (N.D. Cal. 2014), the defendant was alleged to have intentionally intercepted text messages, so "endeavor" conduct was not mentioned or discussed.  Plaintiffs also cite to *Pascale v. Carolina Freight Carriers Corp*., 898 F. Supp. 276, 278 (D.N.J. 1995), which generically described §§ 2510–2521 as provisions that created both civil and criminal liability for anyone who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral or electronic communication."  The case did not specify which conduct formed the basis for criminal or civil liability.  In yet another example, Plaintiffs cite to *Luken v. Edwards*, 2011 U.S. Dist. LEXIS 47545 (N.D. Iowa May 3, 2011), in which the court stated that: "[t]he Act provides that any person who 'intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral or electronic communication,' *18 U.S.C. § 2511(1)(a)*, can be found civilly liable under *§ 2520(a)*."  Plaintiffs see this as a pronouncement that § 2520 provides for civil liability for "endeavor" conduct, but the *Luken* case raised no issue which required the court to address whether endeavor conduct was a basis for civil liability under § 2520, because the defendant in that case was alleged to have intentionally intercepted telephone calls.  None of these cases suggest that the amended version of § 2520(a) broadens the reach of civil liability to include "endeavor" conduct.

## CONCLUSION

In sum, the Court finds and concludes that based on the rules of statutory construction, the civil liability provision at 18 U.S.C. § 2520 does not provide for recovery against those who "endeavor" to use or "endeavor" to disclose oral, wire or electronic communications in violation of the ECPA.  The majority of relevant case law supports this construction including Tenth Circuit precedent in *Kirch v. Embarq Management Co*., 702 F.3d 1245, 1247 (10th Cir. 2012), which rejected the argument that § 2520 imposed civil liability on aiders and abettors, and

20

interpreted § 2520(a) as limiting liability only to those who are engaged in intercepting,

disclosure or intentional use.  Because the Court finds the statutory meaning of § 2520 to be

unambiguous, there is no need to inquire into legislative history.

        **THEREFORE,**

        **IT IS ORDERED** that Defendant's Joint Motion for Partial Judgment on the Pleadings

as to Count Two Against All Defendants for Endeavoring to Use and Endeavoring to Disclose

Electronic Communications as Alleged in Plaintiffs' First Amended Complaint for Violations of

the Federal Wiretap Act and Conspiracy to Violate the Federal Wiretap Act (**Doc. 403**) is hereby

GRANTED for reasons described in this Memorandum Opinion and Order.

_____

UNITED STATES DISTRICT JUDGE