IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CRYSTAL AMAYA, BRAD CATES,**
**BRIAN MOORE, and KIM RONQUILLO,**

  Plaintiffs,

v.                No. 14-cv-0599 WJ/SMV

**SAM BREGMAN, MICHAEL CORWIN,**
**JAMIE ESTRADA, ANISSA GALASSINI-FORD,**
**JASON LOERA, and BRUCE WETHERBEE,**

  Defendants.

## ORDER DENYING DEFENDANT BREGMAN'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Defendant Sam Bregman's Motion to Reconsider Order Granting in Part and Denying in Part his Motion to Compel [Doc. 494], filed on May 24, 2016. The Motion is not well-taken and will be denied.

Defendant Bregman asks the Court to reconsider, pursuant to Fed. R. Civ. P. 54(b), a discovery order [Doc. 473] issued on May 10, 2016. However, the Court is not persuaded that Rule 54(b) applies to discovery orders. Even assuming *arguendo* that Rule 54(b) did apply to discovery orders, Defendant Bregman does not show that reconsideration would be warranted because he fails to show any of the three familiar required grounds, which are: (1) a manifest error of law or fact has been committed by the court; (2) new evidence has been discovered; or (3) there has been an intervening change in controlling law. *Servants of the Paraclete, Inc. v. Great Amer. Ins.*, 866 F. Supp. 1560, 1581 (D.N.M. 1994); *see* Fed. R. Civ. P. 59(e). Courts

should not grant relief where the movant seeks only to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Defendant Bregman argues that the Court failed to "address" certain disputes, but the Court disagrees.  The May 10, 2016 Order addressed all disputes before it.  More to the point, however, Defendant Bregman fails to show that the Court committed a "manifest error of law" in its rulings.  Instead, he offers a new attempt at distinguishing the instant disputes from *Hickman v. Taylor*, 329 U.S. 495, 512 (1947).  [Doc. 494] at 7.  Defendant Bregman is merely attempting to revisit issues already addressed or to advance arguments that could have been raised before. Reconsideration is not warranted.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Sam Bregman's Motion to Reconsider Order Granting in Part and Denying in Part His Motion to Compel [Doc. 494] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**