IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRYSTAL AMAYA, BRAD CATES,
BRIAN MOORE, and KIM RONQUILLO,

    Plaintiffs,

v.                                                            No. 14-cv-0599 WJ/SMV

SAM BREGMAN, MICHAEL CORWIN,
JAMIE ESTRADA, ANISSA GALASSINI-FORD,
JASON LOERA, and BRUCE WETHERBEE,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO RECONSIDER

THIS MATTER comes before the Court upon Plaintiffs' Motion for Reconsideration of the Court's Memorandum Opinion and Order Granting Defendants' Joint Motion for Partial Judgment on the Pleadings as to Count Two Against All Defendants for Endeavoring to Use and Endeavoring to Disclose Electronic Communications (Doc. 479), filed on May 27, 2016 (**Doc. 500**). Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion has no merit and thus, it is denied.

### BACKGROUND

The Court recently ruled that Count II in the Amended Complaint did not include a basis for civil liability under 18 U.S.C. §2520 for "endeavor" conduct:

> In sum, the Court finds and concludes that based on the rules of statutory construction, the civil liability provision at 18 U.S.C. § 2520 does not provide for recovery against those who "endeavor" to use or "endeavor" to disclose oral, wire or electronic communications in violation of the ECPA. The majority of relevant case law supports this construction including Tenth Circuit precedent in

> *Kirch v. Embarq Management Co.*, 702 F.3d 1245, 1247 (10th Cir. 2012), which rejected the argument that § 2520 imposed civil liability on aiders and abettors, and interpreted § 2520(a) as limiting liability only to those who are engaged in intercepting, disclosure or intentional use. Because the Court finds the statutory meaning of § 2520 to be unambiguous, there is no need to inquire into legislative history.

Doc. 479 at 20-21.  Plaintiffs move the Court to reconsider this ruling.

The Court may reconsider its decisions as an interlocutory order under Rule 54.  *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed.Appx. 949, 959 (6th Cir. 2004) (district courts have authority under common law and Rule 54(b) to reconsider interlocutory orders); *Warren v. American Bankers Insurance of Florida*, 507 F.3d 1239, 1243 (10th Cir. 2007) ("[A] district court always has the inherent power to reconsider its interlocutory rulings" and the Tenth Circuit "encourage[s] a court to do so where error is apparent.").

Reconsideration of an order in federal court is inappropriate to reargue an issue or advance new arguments or supporting facts which were available at the time of the original motion. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Reconsideration must be based on any of the three familiar grounds, which are: (1) if a manifest error of law or fact has been committed by the court; 2) if new evidence has been discovered; and 3) if there has been an intervening change in controlling law.  *Servants of the Paraclete, Inc. v. Great American Ins.*, 866 F.Supp. 1560, 1581 (D.N.M. 1994); *Rodriguez*, 89 Fed.App. at 959.  The decision whether to grant a motion to reconsider is committed to the sound discretion of the court. *Thompson v. City of Lawrence*, 58 F.3d 1511, 1514-15 (10th Cir. 1995).  For reference, the relevant portions of the Electronic Communications Privacy Act of 1986 ("ECPA"), both prior to and after the 1986 amendments, are as follows:

> (a)   **In general.**  – Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses or procures

2

> any other person to intercept, disclose, or use such communications, and (2) be entitled to recover from any such person – [damages] . . . .

18 U.S.C. §2520(a) (pre-1986 amendments). In 1986, the civil liability provision set forth in 18 U.S.C. § 2520(a) was amended to provide in pertinent part:

> (a)   **In general**. – *Except as provided in section 2511(2)(a)(ii),* any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.

18 U.S.C. §2520(a) (emphasis added).

## DISCUSSION

The Court has reviewed each of Plaintiff's arguments and finds that each one attempts to reargue issues which the Court has already carefully considered, and these arguments are summarized here with a summary of the Court's impressions in order to emphasize their lack of merit.

**I.   The Court Committed Manifest Error in Failing to address and Apply the Canon of Statutory Construction *Expressio Unius Est Exclusio Alterius,* to "Express or Include One Thing Implies the Exclusion of the Other, or of the Alternative."**

Plaintiffs contend that the Court failed to apply the statutory rule which states that the enumeration of one exception allows the presumption that no other exceptions were intended. The specific "exception" at issue here is the phrase in §2520(a) which states, *"except as provided in section 2511(2)(a)(ii)."* Section 2511(2)(a)(ii) provides that:

> No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, or agents, landlord, custodian, or other specified person for providing information, facilities, or assistance in accordance with the terms of a court order, statutory authorization, or certification under this chapter.

§ 2511(2)(a)(ii).   This exception justifies wire interception to allow the disclosure of wire monitoring by communications carriers for the purpose of criminal prosecution of those who

3

fraudulently use their services. *U.S. v. Harvey*, 540 F.2d 1345 (8th Cir. 1976). However, this exception does not change what the rest of the statute says and has no relevance to the allegations or claims in this case. Plaintiffs argue that because Congress excepted §2511(2)(a)(ii) as a basis for civil liability, therefore liability can be presumed to be based on *any* other provision of the ECPA. *See Ventas, Inc. v. United States*, 381 F.3d 1156, 1161 (Fed. Cir. 2004) ("Where Congress includes certain exceptions in a statute, the maxim expressio unius est exclusio alterius presumes that those are the only exceptions Congress intended."). Here, however, there is no need to *presume,* because of the other language in the statute which describes conduct that *does* provide a basis for civil liability under §2520(a).[1] Proper statutory construction requires that language be read "in context [because] a phrase gathers meaning from the words around it." *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 596 (2004).

Additionally, as Defendants note, there is a substantive flaw in Plaintiffs' logic, which necessarily assumes that liability for endeavor conduct under §2511(1)(c) and §2511(1)(d) is actionable through §2520(a) in the first place—but there is nothing in the language of §2520(a) to suggest this meaning.

**II.     The Court Committed Manifest Error in Misapprehending, Misstating and Misconstruing the Plaintiffs' Arguments Regarding the 1986 Amendment's Deletions and Replacements to the Liability Clause of Section 2520(a).**

As Plaintiffs note, the Court's analysis of the civil liability statute in its prior and current versions is contained on pages 16 and 17 of its Memorandum Opinion and Order (Doc. 479). Plaintiffs argue that if Congress intended merely to omit "procurer" liability and limit liability only to those who "intercept, disclose, or intentionally use" a plaintiff's electronic

---

[1] Curiously, Plaintiffs argue that under the Court's interpretation, "the expressly added exception [in §2511(2)(a)(ii)] would be superfluous and unnecessary since persons 'providing information, facilities, or assistance' would not be liable because they were not the persons who actually intercepted, used or disclosed the illegally intercepted electronic communications." Doc. 500 at 7. This is not necessarily so, since the assistance these individuals provide may include use or disclosure, if not interception under a certain set of facts.

communication, there would have been no reason to replace the phrase "any person who intercepts, discloses, or uses . . . such communications" with "the person or entity which engaged in that violation."

Plaintiffs' argument in their motion to reconsider here tracks their argument in the initial response to Defendants' motion to dismiss, and the Court sees no need to restate its analysis. Instead, the Court offers a succinct response to the parties arguments. Congress' intent seems clear enough: it removed language specifically defining a class of potential defendants and replaced it with a description of conduct that forms a basis for civil liability. Plaintiffs read something into the statute that isn't there. The Court agrees with Defendants that Congress' deletion of the phrase "any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications" and its replacement with "the person or entity . . . which engaged in that violation" reflects more of an intention to streamline the language of §2520(a), rather than to make the global changes that Plaintiffs would prefer to see but which is not supported by the statute's plain language.

## III. The Court Committed Manifest Error in Misapplying the Last Antecedent Canon

Plaintiff charges the Court with yet another error in statutory interpretation in that the Court overlooked the rule which states that a "pronoun, relative pronoun, or demonstrative adjective generally refers to the nearest reasonable antecedent." Doc. 500 at 10. Plaintiffs contend that the Court used the wrong antecedent canon in defining "that violation" in the last phrase of §2520, and that the antecedent to "that violation" is "[in] violation of this chapter" rather than "intercepted, disclosed, or intentionally used."

Defendants acknowledge that the "last antecedent canon" rule exists. *See U.S. v. Bishop,* 469 F.3d 896, 903 (10th Cir. 2006) (doctrine of last antecedent teaches that qualifying words,

phrases, and clauses are to be applied to the words or phrase immediately preceding and not to others more remote"). However, the rule is not rigidly applied, especially where application of the rule leads to an absurdity:

> . . . [T]he last antecedent rule is flexible and if application of the rule would "involve an absurdity, do violence to the plain intent of the language, or if the context for other reason requires a deviation from the rule, it will be necessary and proper to look for another antecedent." Similarly, the United States Supreme Court has explained that the last antecedent rule only applies "ordinarily" and that it "can assuredly be overcome by other indicia of meaning."

*Payless Shoesource, Inc. v. Travelers Companies, Inc.*, 569 F.Supp.2d 1189, 1196 (D.Kan.,2008) (citing *Jama v. Immigration & Customs Enforcement,* 543 U.S. 335, 355–56 (2005). The meaning Plaintiffs apply to "*that* violation" leads to an out-of-context reading because, given the plain language of §2520(a), one would have to completely ignore the description of specific conduct giving rise to civil liability under the statute (interception, disclosing or intentional use). Plaintiff's interpretation is inconsistent with a natural reading of the statute, and the Court has already rejected that interpretation once and sees no reason to change its ruling. *See* Doc. 479 at 8-9 (citing *DirecTV v. Treworgy*, 373 F.3d 1124, 1126-27 (11th Cir. 2004) ("[A]s a matter of grammar and sentence structure, the phrase 'that violation' refers to the interception, disclosure, or intentional use of communications mentioned earlier in the sentence, and not to the possession of prohibited devices").

**IV.    The Court Committed Manifest Error in Misconstruing and Relying on the Pre-1986 Amendment Case of *Flowers***

Plaintiffs contend that the Court's decision rested in large part on *Flowers v. Tandy,* a Fourth Circuit case that is inapplicable because it was decided prior to the 1986 Amendments of the ECPA. 777 F.2d 585, 589 (4th Cir. 1985).

The Court did look to the *Flowers* decision, which found that mere possession of an intercepting device could be a basis for civil liability under §2520.  The Court found the Fourth Circuit's analysis to be helpful because the case addressed a similar provision, §2512, which prohibits the manufacture, distribution, possession and advertising of communication intercepting devices rather than 2511, which prohibits other conduct.  The Court spent almost three pages discussing the very argument which Plaintiffs are raising here again.  The Court explained why *Flowers* was not outdated precedent for the issues that were being addressed and also found that the cases cited by Plaintiffs to support their argument were entirely irrelevant. *See* Doc. 479 at 13-16 (noting that the cases relied on by Plaintiffs addressed whether §2520(a) allowed private right of action and did not address whether §2520 allowed civil recovery of damages against an individual who "endeavors" to use or disclose wire, oral or electronic communications).

### V.   The Court Committed Manifest Error in Misconstruing and Relying on the Pre-1986 Amendment Case of *Flowers*

Plaintiffs claim that new evidence discovered after the First Amended Complaint was filed "makes it clear" that Defendant Bregman had used and disclosed certain stolen emails to further his own political objectives, even if no evidence is uncovered showing that he actually used or disclosed *Plaintiffs'* emails.  Plaintiffs contend it was error for the Court to rule that civil liability is precluded against a person who *endeavors* to intercept, use or disclose electronic communications but nevertheless causes, directs, or manipulates *others* to be the ones who actually intercept, disclose or intercept the communications at issue.

As the Court noted in its Memorandum Opinion and Order, the word "endeavor" is not defined in the ECPA.  Doc. 479 at 8.  The only issue before the Court then and now, was whether the plain language of §2520 provides for civil relief against those who "endeavor to disclose" or

7

"endeavor to use" illegally obtained electronic communications. The Court has determined that it does not provide such relief, under any set of facts, and Plaintiffs have offered no new basis to reconsider that determination. To the extent Plaintiffs are now arguing that §2520(a) supports "procurement liability," the Court rejects that argument because (1) Plaintiffs never raised this issue in the briefs; and (2) it has no merit because as Plaintiffs have noticed, "procure" conduct has been removed from §2520(a) as a basis for civil liability in the 1986 amendments.

## VI.     Reconsideration on Procedural Grounds

Plaintiffs' final argument is that the Court should reverse its ruling because of the likelihood of appeal regarding the Court's construction of §2520(a) and a possible remand, should the Tenth Circuit follow circuits that hold that the ECPA provides for "endeavor" civil liability. Those claims would then have to be tried again without omitting "endeavor" conduct. Instead, Plaintiffs suggest that the Court reverse its decision on whether §2520(a) includes "endeavor" conduct and that it allow the case to proceed to trial if it is not resolved before. If a judgment is entered after trial against any Defendant based on endeavor liability, the Court can then enter judgment as a matter of law on that claim for Defendant, and an appeal from that ruling would resolve the issue without a need for remand.

The Court agrees with Plaintiffs that an appeal to the Tenth Circuit is the proper recourse, but sees no need to reverse its rulings. If the Court did commit manifest errors of law, then counsel for Plaintiffs can be assured that the Tenth Circuit will not hesitate to so state. Further, the Court views Plaintiffs' concern with judicial economy with some skepticism, since the parties have wasted far more judicial resources by second-guessing every ruling of this Court with motions to reconsider (directed at rulings made by both the undersigned as well as Magistrate Judge Vidmar), than the time that would be spent on an appeal and remand.

Accordingly, the Court finds no basis to reconsider any of its rulings in its Memorandum Opinion and Order, Doc. 479. There has been no manifest error of law or fact, the Court's rulings considered all the available evidence, and the law has not changed since the Court issued its decision.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration of the Court's Memorandum Opinion and Order Granting Defendants' Joint Motion for Partial Judgment on the Pleadings as to Count Two Against All Defendants for Endeavoring to Use and Endeavoring to Disclose Electronic Communications **(Doc. 500)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE